# EXHIBIT "2"



| 2021CV02172-11 | MAZURKIEWICZ V SLAY, ET AL | CLAYTON SUPERIOR | GENERAL TORT |

## Case Docket

**Case Initiation Date**
06/14/2021

**Assigned Judge**
Robert L. Mack

Why subscribe to PeachCourt+? Because this is one of your cases, you probably want to know when anyone eFiles anything in this case. As a PeachCourt+ subscriber, you will receive an email alert even when someone files on paper: judge's order, sheriff's return of service, self-represented litigant filing... you get the idea.

## Party Information

**Plaintiff:**
Mazurkiewicz, Isabelle

**Defendants:**
Slay, Cody

Fulton County, Georgia

Henry, Corey

Labat, in his official capacity as Sheriff of Fulton County, Patrick

## Attorney/Filer Information

Howell , A.A.

Scott, William

Denmark, Emilie

Beller, Marisa

Martinez, Dominique

Barnes, Kayla

Mitchell, William T.

**This court's online case dockets include only eFiled documents.**

| Docket # | Document Type | Description | Filer | Filing Date | Source |
|---|---|---|---|---|---|
| 1 | Complaint | | Howell , A.A. | 06/14/2021 | EFile: PeachCourt |
| 2 | Discovery | | Howell , A.A. | 06/14/2021 | EFile: PeachCourt |
| 3 | Discovery | | Howell , A.A. | 06/14/2021 | EFile: PeachCourt |
| 4 | Discovery | | Howell , A.A. | 06/14/2021 | EFile: PeachCourt |
| 5 | Discovery | | Howell , A.A. | 06/14/2021 | EFile: |
| Docket # | Document Type | Description | Filer | Filing Date | Source |

| 6 | Summons | Summons For Slay, Cody . | Howell , A.A. | 06/14/2021 | EFile: PeachCourt |
| 7 | Summons | Summons For Fulton County, Georgia . | Howell , A.A. | 06/14/2021 | EFile: PeachCourt |
| 8 | Case Information Form | Case Information Form | Howell , A.A. | 06/14/2021 | EFile: PeachCourt |
| 9 | Miscellaneous | Sheriff's Entry Of Service On Robb Pitts For Fulton County, GA | Howell , A.A. | 08/05/2021 | EFile: PeachCourt |
| 10 | Answer | | Martinez, Dominique | 08/20/2021 | EFile: PeachCourt |
| 11 | Motion | Motion To Dismiss | Martinez, Dominique | 08/20/2021 | EFile: PeachCourt |
| 12 | Brief | Brief In Support Of Fulton County's Motion To Dismiss | Martinez, Dominique | 08/20/2021 | EFile: PeachCourt |
| 13 | Entry Of Appearance | Entry Of Appearance | Scott, William | 08/25/2021 | EFile: PeachCourt |
| 14 | Affidavit | Affidavit Of Service | Howell , A.A. | 09/13/2021 | EFile: PeachCourt |
| 15 | Motion | Consent Motion To Dismiss Fulton County, GA | Barnes, Kayla | 09/22/2021 | EFile: PeachCourt |
| 16 | Response | Response To Motion To Dismiss | Barnes, Kayla | 09/22/2021 | EFile: PeachCourt |
| 17 | Answer | ANSWER AND DEFENSES OF DEFENDANT CODY SLAY TO PLAINTIFF'S COMPLAINT FOR DAMAGES & JURY DEMAND | Scott, William | 10/11/2021 | EFile: PeachCourt |
| 18 | Certificate Of Service | Certificate Of Service | Scott, William | 10/11/2021 | EFile: PeachCourt |
| 19 | Entry Of Appearance | | Denmark, Emilie | 12/09/2021 | EFile: PeachCourt |
| 20 | Motion | Motion To Add Party Defendant | Howell , A.A. | 12/31/2021 | EFile: PeachCourt |
| 21 | Notice | Notice Of Substitution Of Counsel | Mitchell, William T. | 02/17/2022 | EFile: PeachCourt |
| 22 | Entry Of Appearance | Entry Of Appearance - Beller | Beller, Marisa | 03/09/2022 | EFile: PeachCourt |
| 23 | Rule 5.2 Certificate | 5.2 | Beller, Marisa | 03/16/2022 | EFile: PeachCourt |
| 24 | Amended Complaint | First Amended Complaint For Damages | Howell , A.A. | 03/24/2022 | EFile: PeachCourt |
| 25 | Summons | Summons For Henry, Corey. | Howell , A.A. | 03/24/2022 | EFile: PeachCourt |
| 26 | Summons | Summons For Labat, In His Official Capacity As Sheriff Of Fulton County, Patrick . | Howell , A.A. | 03/24/2022 | EFile: PeachCourt |
| 27 | Entry Of Appearance | Notice Of Appearance | Beller, Marisa | 04/21/2022 | EFile: PeachCourt |
| 28 | Entry Of Appearance | Substitution Of Counsel | Beller, Marisa | 04/21/2022 | EFile: PeachCourt |

The clerk's office maintains the official record for this case. The information we provide is our best attempt at reflecting the official record. Despite our best efforts, you may find discrepancies between the information on this page and the clerk's official record. The clerk's official record is always official and is always THE record.

🏛 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

JUN 14, 2021 03:56 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**ISABELLE MAZURKIEWICZ**

    **Plaintiff,**

**vs.**

**FULTON COUNTY, GEORGIA AND
CODY SLAY,**

    **Defendants.**

**CIVIL ACTION**

**Case No. _____**

### COMPLAINT FOR DAMAGES

Comes Now Isabelle Mazurkiewicz, Plaintiff in the above-captioned action, and files this

Complaint for Damages showing this Court as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1.

Isabelle Mazurkiewicz, who is *sui juris*, is a resident of the State of Georgia.

2.

Fulton County, Georgia ("Defendant Fulton County") is a duly organized governmental

entity created and existing under the laws of the State of Georgia.  Fulton County may be served

be serving Chairman of the Fulton County Commission, Rob Pitts, at 141 Pryor St., SW, 10th Fl.,

Atlanta, Georgia 30303.

3.

Upon information and belief, Defendant Cody Slay (Defendant "Slay") is a resident of

Clayton County, Georgia.  Defendant Slay may be personally served with process in this action at

or about 4248 Cottage Lane, Conley, Clayton County, Georgia.

4.

Defendants are subject to personal jurisdiction in this Court.

5.

The claims set forth herein seek, among other things, to recover damages as a result of the joint negligence of Defendants.  As a result, venue is proper in this Court pursuant to Article 6, Section 2, Paragraph IV of the Constitution of the State of Georgia.

6.

Prior to the filing of this action, Defendant Fulton County received timely and proper notice of the claims asserted herein.

7.

Provision of said notice to Defendant Fulton County complied with O.C.G.A. § 36-11-1 and all other applicable provisions of Georgia law, to the extent such notice was required.

8.

Prior to the filing of this action, Defendant Slay received timely and proper notice of the claims asserted herein.

9.

Provision of said notice to Defendant Slay complied with O.C.G.A. § 36-11-1 and all other applicable provisions of Georgia law, to the extent such notice was required.

10.

This action seeks compensatory damages for the injuries to Plaintiff, as well as, all other damages permitted by law. As such, this Court has jurisdiction over the subject matter of this action.

11.

4831-4343-1917, v. 1

All claims herein against Defendant Fulton County are intended to assert direct claims of negligence against Defendant Fulton County, as well as, claims for vicarious liability under the doctrine of *respondeat superior* for the negligence of Defendant Slay or any other agent of Fulton County who caused or contributed to the injuries to Plaintiff set forth herein.

12.

All claims asserted herein against Defendant Slay are asserted against said Defendant both in his individual capacity, and/or alternatively in his capacity as a present and/former employee and deputy for Defendant Fulton County.

**FACTUAL BACKGROUND**

13.

Paragraphs (1- 12) above are hereby incorporated as if and re-alleged as if fully set forth herein.

14.

On or about December 4, 2019, Defendant Slay was employed by Defendant Fulton County as a law enforcement officer.

15.

On December 4, 2019, Defendant Fulton County owned a law enforcement canine known as "Ian."

16.

Ian was a Belgian Malinois breed of canine.

17.

Ian was trained as a law enforcement canine to, among other things, physically engage/bite, take down, and apprehend suspected criminals.

18.

Ian was trained to maintain his bite until a release command was given.

19.

Ian was used by Defendant Fulton County to apprehend fleeing criminal suspects by, among other things, pursuing, biting, and detaining such suspects.

20.

On December 4, 2019, and all other times relevant to this action, Defendant Slay, through his employment with Defendant Fulton County, was charged with the duties of maintaining, handling, and training law enforcement canine, "Ian."

21.

At all times relevant to this action, Defendants knew that Ian had been trained to pursue, engage, bite, take down and/or detain persons.

22.

Defendants knew that, prior to December 4, 2019, Ian had pursued, attacked, bitten, taken down, and/or detained persons.

23.

At all times relevant to this action, Defendants knew that Ian had the strength and ability to subdue an adult through biting or otherwise.

24.

At all times relevant hereto, Defendants knew that a release command was required to instruct Ian to release once he engaged a person.

25.

At all times relevant hereto, Defendants knew that Ian had previously attacked or bitten,

or attempted to attack or bite, third parties absent explicit commands from his handler to do so.

26.

At all times relevant hereto, Defendants knew that Ian's training and strength rendered him such that he could cause significant bodily harm or death to other persons if he attacked a person, whether upon order to do so or otherwise.

27.

At all times relevant hereto, Defendants knew that Ian's training and strength rendered him such that he could cause significant bodily harm or death if he failed to heed a release instruction or if he was not properly given his release instruction.

28.

Defendants knew or should have known that Ian had a propensity to attack third parties.

29.

At all times relevant hereto, it was known, or should have been known, to Defendants that general well-known rules, procedures, and policies applied to the handling, maintenance, and boarding of law enforcement canines such as Ian.

30.

In addition to such generally known and understood policies in the law enforcement profession, Defendant Fulton County had in effect specific policies and procedures regarding the training, maintenance, housing, handling, and boarding of law enforcement canines.

31.

Among other things, Defendant Fulton County's standard operating procedures in effect as of December 4, 2019 specifically provided that all canines, such as Ian, must be kenneled at the handler's residence.

32.

Defendant Slay knew or should have known of said policies and did not have discretion to deviate from said policies.

33.

Among other things, Defendant Fulton County's standard operating procedures in effect as of December 4, 2019 specifically provide that any change in a canine's living environment must immediately be reported and inspected.

34.

Defendant Slay knew or should have known of said policies and did not have discretion to deviate from said policies.

35.

Beginning on or about November 30, 2019, Defendant Slay boarded Ian at a civilian veterinary clinic known as "VCA Pets are People Too" (hereinafter referred to as the "Clinic").

36.

Plaintiff was employed at the Clinic.

37.

At no time did Defendant Slay properly inspect the canine lodging conditions at the Clinic.

38.

At no time did Defendant Slay interview the employees from the Clinic that would be involved in Ian's care during Defendant Slay's absence.

39.

At no time did Defendant Slay inform Plaintiff or the Clinic that Ian was an attack dog.

40.

At no time did Defendant Slay inform Plaintiff or the Clinic that Ian had a prior history of aggression to other persons even in the absence of a command to attack.

41.

At no time did Defendant Slay inform Plaintiff or the Clinic that Ian was specifically trained to apprehend and detain persons through biting.

42.

At no time did Defendant Slay inform Plaintiff or the Clinic that Ian would not "release" a bite until given the appropriate command.

43.

At no time did any employee of Fulton County properly inspect the canine lodging and care conditions at the Clinic.

44.

At no time did any employee of Fulton County interview the employees from the Clinic that would be involved in Ian's care during Defendant Slay's absence.

45.

At no time did any employee of Fulton County inform Plaintiff or the Clinic that Ian was an attack dog.

46.

At no time did any employee of Fulton County inform Plaintiff or the Clinic that Ian had a prior history of aggression to other persons even in the absence of a command to attack.

47.

At no time did any employee of Fulton County inform Plaintiff or the Clinic that Ian was specifically trained to apprehend and detain persons through biting.

48.

At no time did any employee of Fulton County inform Plaintiff or the Clinic that Ian would not "release" a bite until given the appropriate command.

49.

Defendants failed to comply with generally accepted polices and rules, as well as, established internal policies and rules in the boarding of Ian at the Clinic, all of which were explicit and mandatory.

50.

On or about December 4, 2019, Plaintiff was attending to her duties at the Clinic, which included equipping Ian with an identification tag.

51.

At all times hereto, Plaintiff exercised due care and caution for her own safety.

52.

At no time did Plaintiff provoke Ian to attack, nor did she order Ian to attack.

53.

Unfortunately, as Plaintiff was applying Ian's name tag, Ian viciously attacked Plaintiff, biting her face and arm, and pinning her to the ground.

54.

Plaintiff was not aware of Ian's release command and physically fought for her life in an effort to cause Ian to release his bite.

55.

Ian engaged in a prolonged and vicious attack on Plaintiff, causing her to experience devastating and permanent injuries to her face, arm, and emotional well-being—among other

things.

56.

Following Ian's attack, Plaintiff received extensive medical treatment from numerous providers.

57.

Despite her diligence in pursuing and compliance with her medical care, Plaintiff's injuries will never completely heal.

58.

She has been left with permanent scarring, pain, and impaired range of motion due to the attack.

59.

All of Plaintiff's injuries would have been avoided but Defendants' negligence in failing to comply with established policies and to exercise due care for the safety and well-being of others.

**COUNT I**

**<u>NEGLIGENCE</u>**

60.

Paragraphs (1- 59) above are hereby incorporated as if and re-alleged as if fully set forth herein.

61.

Defendants owed a duty to Plaintiff, and the general public, to exercise reasonable care in the use, maintenance, and care of Ian.

62.

Defendants owed a duty of care to Plaintiff, and the general public, to implement and

follow appropriate polices and procedures to insure the safety of Ian, as well as, that of non-handler persons who may be in contact with Ian.

63.

Defendants were aware that Ian had been trained to attack and subdue person through biting or otherwise.

64.

Defendants knew, based upon Ian's training and past conduct, that he had a propensity to bite or attack non-handler persons, whether on command or otherwise.

65.

Defendants knew that Ian, based upon his training, strength, and past conduct, could cause significant bodily injury to persons he bit or attacked.

66.

Defendants knew that it was important that Ian be housed in a familiar and safe atmosphere, and only be exposed to persons with whom he was comfortable and who were familiar with Ian, his propensities, and his commands.

67.

Defendant Fulton County's standard operating procedures, including the procedure requiring that Ian be housed at his handler's home, were mandatory and designed to protect both Ian and third parties with whom he came in contact from injury.

68.

Defendants were aware that a failure to follow such policies and procedures could result in significant bodily harm to persons such as Plaintiff.

69.

Nevertheless, Defendants breached their duties to Plaintiff by negligently failing to comply with Defendant Fulton County's explicit operating procedures, as well as, other policies and procedures generally known within the law enforcement profession regarding canine care and safety, or were otherwise negligent, in, among other things, allowing Ian to be boarded at the Clinic, failing to warn Plaintiff and others of Ian's propensities, failing to provide appropriate protective equipment and instruction to the Clinic and its personnel, failing to provide a release command in the event Ian attacked, and owning/keeping a vicious or dangerous animal with a known history of causing injuries to other persons.

70.

As a direct a proximate result of such negligence, Plaintiff was brutally attacked by Ian.

71.

As a result, Plaintiff suffered severe, debilitating, and permanent injuries and scarring, has incurred medical expenses, has lost wages, and has lost capacity to earn wages.

72.

At all times hereto, Plaintiff exercised reasonable care for her own safety and well being and, in no manner, negligently caused or contributed to her injuries.

73.

All Defendants are directly liable as a result of the forgoing acts of negligence in an amount to be proven at trial.   Furthermore, Defendant Fulton County is vicariously liable, under the doctrine of respondeat superior, for the negligent acts and omissions of its employees and agents, including, but not limited to Defendants Slay.

## COUNT II

### ATTORNEY'S FEES AND COSTS

74.

Paragraphs (1- 80) above are hereby incorporated as if and re-alleged as if fully set forth herein.

75.

Defendants acted in bad faith with regard to the transactions out of which the causes of action asserted herein arise.

76.

No bona fide controversy exists with respect to the liability of one or more Defendants.

77.

No bona fide controversy exists with regard to Plaintiffs' entitlement to relief pursuant to the substantive causes of actions set forth herein.

78.

Defendants have been stubbornly litigious and have forced Plaintiff to endure the unnecessary trouble and expense of pursing this action to obtain the relief to which Plaintiff is undisputedly entitled.

79.

Pursuant to O.C.G.A. § 13-6-11, Plaintiff is therefore entitled to recover expenses and attorney's fees incurred in the prosecution of this action in an amount to be proven at trial.

WHEREFORE, Plaintiff Isabelle Mazurkiewicz respectfully prays for the following:

(a) Summons be issued and copy of this Complaint and Process be served upon Defendants as provided by law;

(b) She be awarded a judgment against Defendants, jointly and severally, for her injuries, medical bills, pain, suffering, disfigurement, lost wages, and lost capacity to labor in an

amount shown at trial and determined by the enlightened conscious of a fair and impartial

jury;

(c) She be awarded the costs of this action;

(d) That this matter be tried by a jury of no less than twelve impartial persons; and

(e) She be awarded such further relief as this Court may deem just and proper.

Submitted this 14th day of June, 2021.

                                        **COLEMAN TALLEY LLP**

109 S. Ashley Street                    */s/ A.A. Howell, IV*_____
Valdosta, Georgia 31601                 A.A. HOWELL, IV
T:  (229) 242-7562                      Georgia Bar No. 689955
F:  (229) 333-0885                      TIMOTHY M. TANNER
beau.howell@colemantalley.com           Georgia Bar No. 697683
tim.tanner@colemantalley.com            KAYLA H. BARNES
                                        Georgia Bar No. 301948

⚡ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**JUN 14, 2021 03:56 PM**

*Jacqueline D. Wills*
Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

ISABELLE MAZURKIEWICZ,

      Plaintiff,

vs.

FULTON COUNTY, GEORGIA and CODY
SLAY,

      Defendants.

CIVIL ACTION

Case No.

---

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT CODY SLAY

To:    Cody Slay
        4248 Cottage Lane
        Conley, Georgia 30288

COMES NOW Plaintiff, by and through Counsel, and, in accordance with O.C.G.A. §§ 9-11-26 and 9-11-36, request that Defendant Cody Slay answer the following requests for admissions, within forty-five (45) days from the date of service.

Answers should specifically admit or deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder.  Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless it states that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Defendant to admit or deny.

Should you fail to timely serve a response as required by Georgia law, all the facts set forth in Plaintiff's First Request for Admissions herein shall be deemed true.

---

## PART I – DEFINITIONS

These definitions apply throughout these Requests for Admissions and internally within the text of these definitions.

1) "Plaintiff" shall mean Isabelle Mazurkiewicz.

2) "You" shall refer to Cody Slay along with his agents and representatives.

3) The "Complaint" shall refer to the Complaint, and any amendments thereto, filed in the above-captioned matter.

4) "Ian" shall refer to that certain canine officer of Fulton who's handler is Cody Slay.

## PART II – REQUEST FOR ADMISSIONS

1.

Admit that you are subject to jurisdiction in Clayton County, Georgia.

2.

Admit that venue for the instant case is proper in the Superior Court of Clayton County, Georgia.

3.

Admit that you were properly served with the Summons and Complaint in the instant matter.

4.

Admit that you do not possess any insurance which might satisfy any claim contained in the Complaint.

5.

Admit that you were employed by Fulton County, Georgia on December 4, 2019.

6.

4813-4840-0877, v. 2

Admit that on December 4, 2019, you were the handler for a law enforcement canine known as "Ian" owned by Fulton County.

Respectfully submitted this 14th day of June, 2021.

COLEMAN TALLEY LLP

*/s/A.A. Howell, IV*
A.A. HOWELL, IV
Georgia Bar No. 689955
TIMOTHY M. TANNER
Georgia Bar No. 697683
KAYLA H. BARNES
Georgia Bar No. 301948

109 S. Ashley Street
Valdosta, GA  31601
(229) 242-7562
(229) 333-0885 facsimile
beau.howell@colemantalley.com
tim.tanner@colemantalley.com
kayla.barnes@colemantalley.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**JUN 14, 2021 03:56 PM**

*Jacqueline D. Wills*
Jacqueline D. Wills, Clerk
Clayton County, Georgia

### IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

ISABELLE MAZURKIEWICZ,

     Plaintiff,

vs.

FULTON COUNTY, GEORGIA and CODY
SLAY,

     Defendants.

CIVIL ACTION

Case No.

---

### PLAINTIFF ISABELLE MAZURKIEWICZ'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT CODY SLAY

     To:    Cody Slay
             4248 Cottage Lane
             Conley, Georgia 30288

     COMES NOW Plaintiff, by and through Counsel, and propounds the following First Continuing Interrogatories and Requests for Production of Documents to Defendant Cody Slay to be answered in accordance with O.C.G.A. §§ 9-11-26, and 9-11-33, and 9-11-34, within forty-five (45) days from the date of service.

### PART I – DEFINITIONS

     These definitions apply throughout these interrogatories, requests, and internally within the text of these definitions. When a definition requires a multiple part response it will be incorporated in the body of the Interrogatory in capital letters (i.e., "IDENTIFY").

     1)    "Person" or "Persons" as used in these interrogatories and requests means any individual, firm, partnership, corporation or other entity.

     2)    "Document" as used in these interrogatories and requests is used in its broad and liberal sense and means written, typed, printed, recorded or graphic matter, however produced or

reproduced, of any kind and description and whether an original, master, duplicate, or copy, including, but not limited to, papers, notes, accounts, books, advertisements, logs, catalogs, manuals, publications, correspondence, memoranda, letters, documents, communications, including inter-office and intra-office communications, reports, studies, analyses, pamphlets, calculations, projections, contracts, charts, plans and specifications, drawings, sketches, surveys, agreements, working papers, business records, minutes of board of directors and committee meetings, books of account, ledger books, note books, vouchers, bank checks, cashiers' checks, receipt for cashier's checks, cancelled checks, check stubs, bills, receipts, invoices, desk calendars, appointment books, diaries, diary entries and notes, minutes, transcriptions or sound recordings of any type of personal or telephone conversations or of negotiations, meetings or conferences or similar to any of the foregoing, telefax transmission letters, photographs, office notes, and all other papers, writings or physical things containing information, including preliminary drafts of or marginal notes appearing on any document, however denominated or described.  "Document" shall further collectively include the original, duplicate original, and any and all copies or reproductions of the original document, to the extent that any or all of said documents are within the possession, custody or control of Plaintiff, or its agents or attorneys.

3)      "IDENTIFY" as used in these interrogatories in connection with any person or persons requires the following information for each person:

a.      the person's full name;

b.      the person's last known business address and telephone number;

c.      the person's last known home address and telephone number;

d.      the name of the person's last known employer; and

e.      the person's last known title, position or business.

4)      "SPECIFY" as used in these interrogatories in connection with any document requires the following information for each document:

  a.    the title of the document with sufficient particularity to permit its identification;

  b.    the name, position of employment or title and business address of each person who prepared or participated in the preparation of each document;

  c.    the date on which each document was prepared;

  d.    the identity of each person who received or obtained a copy of each document;

  e.    if all copies of the document have been destroyed, please IDENTIFY the person or persons authorizing the destruction of the document and the date of the description of the document.

5)      "DESCRIBE" as used in these interrogatories in connection with any act, occurrence, omission or series of acts, occurrences or omissions requires the following information:

  a.    the identity of each and every person involved in the act, occurrence, omission or series of acts, occurrences, or omissions as provided in the definition of "IDENTIFY";

  b.    the date or dates of each and every act, omission or occurrence;

  c.    a brief description of the act, occurrence, omission or series of acts, occurrences or omissions; and

  d.    a description of each and every document involved in the act, occurrence, omission, or series of acts, occurrences or omissions as provided in the

definition of "SPECIFY".

6)  Documents specified, and persons identified in an answer to an Interrogatory may thereafter be specified or identified only by name or title in answers to subsequent interrogatories.

7)  The "Complaint" shall refer to Complaint, and any amendments thereto, filed in the captioned matter.

8)  "You" shall refer to Cody Slay along with all of your agents and representatives.

9)  "Ian" shall refer to that certain canine officer of Fulton who's handler is Cody Slay.

10)  "Plaintiff" shall refer to Isabelle Mazurkiewicz.

11)  "VCA" shall refer to VCA Pets Are People Too Roswell Animal Hospital located at 535 Sun Valley Dr., Roswell, GA 30076.

## PART II – INSTRUCTIONS

<u>Answers</u>: Each answer must be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. Responses shall be served upon counsel for Defendant within 45 days after service.

<u>Supplemental Responses Required</u>. You are under a duty to supplement your responses to the Interrogatories with respect to the identity and location of persons having knowledge of discoverable matters and the identity of persons expected to be called as expert witnesses, as well as the subject matter on which they are expected to testify and the substance of their testimony.

You are under a duty to amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made, or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to

amend the response would be, in substance, a knowing concealment.

Scope of Responses: If a complete answer or response to a particular interrogatory is not possible, the interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is provided.

Privileged Information: If you contend that an answer to an interrogatory is privileged, in whole or in part, or otherwise object to any part of any interrogatory, the following information should be supplied.

(i)  The reason or reasons for such objection or ground for exclusion; and

(ii) The identity of each person having knowledge of the factual basis, if any, upon which privilege, objection or the ground is based.

### PART III – INTERROGATORIES

1.

Please identify all persons who supplied information or otherwise participated in the answering of these interrogatories, indicating as to each his or her position and or relationship with Fulton.

2.

IDENTIFY each and every individual you contend has knowledge of facts in the Complaint.

3.

Please identify each person you expect to call as an expert witness at trial, stating as to each the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion; if a curriculum vitae or resume is unavailable, please also provide his or her office

address and a summary of the background, credentials and experience relevant to his or her expertise on the subject matter of this lawsuit.

4.

If you have obtained or if you are aware of any written or recorded statement concerning upon any fact or issue in this case, as to each statement please state: the name, address and telephone number of the person who gave the statement; whether the statement was written, recorded or stenographically preserved; the date and place the statement was made; the name, address and telephone number of each person present when the statement was made; and the name and address of each person who has possession, custody or control of the original or any reproduction thereof.

5.

If you contend that Plaintiff, or any agent thereof, has ever made an admission or statement against interest that relates to any of the Claims set forth in the Complaint, for each such admission, IDENTIFY and DESCRIBE the following:

(a) The maker of the statement;

(b) The medium of the statement (for example, verbal, written, etc.);

(c) The date of the statement;

(d) The person or persons with firsthand knowledge of the statement; and

(e) The content of the statement.

6.

Please state your full name, last address, date and place of birth, and social security number, as well as the name and last address of your current and/or former spouses.

7.

If you were ever known by any name other than that given above, please list each such name and identify where and when it was used,

8.

Please describe your education background in reasonable detail, including the name and locale of all schools and trade or professional institutions attended, the dates of attendance at each, and any degrees, certificates or licenses pursued and/or awarded.

9.

As to each and every part-time or full-time job or position held by you in the nature of gainful employment over the past ten years, please provide: (a) the name and address of the employer; (b) the dates of commencement and termination of employment; (c) your title and duties; and (d) a brief description of the job.

10.

Please list in chronological order, your every place of residency during the previous ten years, providing as to each: (a) the full address; (b) dates of occupancy; (c) and the name and (d) relationship to you of all individuals who lived with you at said address.

11.

As to your relatives by blood, marriage, or prior marriage now residing in Clayton County, Georgia, please state his or her name, age, present address, place of employment and relationship to you.

12.

Please identify all churches, civic organizations, clubs, fraternities, fraternal orders and other similar groups or organizations to which you belong or with which you have been

associated in any capacity during the past ten (10) years, providing as to each the address of the organization and the dates of membership or other affiliation.

13.

Other than this civil action, if you ever, on your behalf or on behalf of another person or entity, have made a claim or filed a lawsuit for wrongful death, personal injury, worker's compensation, hospitalization, medical expenses or disability, please describe fully and indicate as to each: (a) the date, place and a brief description of the occurrence giving rise to the claim; (b) the nature of the individual or entity against whom the claim was asserted or suit was brought; (c) a brief description of the injuries received; and (d) the county, style and identifying numerical designation of any lawsuit or compensation claim actually filed.

14.

If you have ever individually or jointly filed for or declared bankruptcy, please state the following: (1) the date of filing; (2) the court(s) in which any such filing occurred; and (3) the current status of any such bankruptcy proceedings.

15.

If you have ever provided sworn testimony, whether in open court, deposition, affidavit, or otherwise concerning Ian, please: (1) describe the circumstances of such testimony (whether in court, deposition, affidavit, etc.); (2) state the date upon which such testimony was given; (3) if oral testimony, state if such testimony was transcribed; and (4) if related to a court proceeding in any manner, please identify the parties to the case, the case number, and the court in which the case was pending.

16.

Please provide the names and ages of all individuals who currently reside with you.

17.

If you have a kennel at your residence for Ian, please provide the dimensions of the same.

18.

IDENTIFY all individuals who contacted you regarding the incident described in the Complaint occurring on December 4, 2019.

19.

Please provide the name of your mobile carrier(s) for the period of November 2019 to present along with your phone number(s).

20.

Please identify any insurance policy which you hold which may provide coverage for the events described in the Complaint.

21.

IDENTIFY all individuals who interviewed you concerning becoming a canine handler.

22.

SPECIFY any and all reports made by you or in your possession concerning the incident described in the Complaint occurring on December 4, 2019.

23.

Please identify all places where you have ever boarded Ian.

24.

DESCRIBE your location and actions on December 4, 2019.

25.

If, to your knowledge, information or belief there exists any diary, journal, notes, correspondence or other similar document reflecting or containing observations or recollections

which relates or may relate to any fact or issue in this lawsuit, which are not fully identified elsewhere in your responses to these interrogatories, please identify as to each: (a) the author; (b) the type of document; (c) when it was prepared; and (d) the name and address of each person who presently has possession, custody or control of the original or any reproduction thereof.

26.

If to your knowledge, information or belief there exists any photograph, drawing, picture, videotape, movie or other illustrative material depicting any person, thing or occurrence which relates or may relate to any issue in this lawsuit, directly or indirectly, which is not already identified elsewhere in your responses to these interrogatories, please identify as to each: (a) the date it was made; (b) by whom it was made; (c) what it depicts; and (d) the name and address of each person who has possession, custody or control of the original or any reproduction thereof.

27.

With regard to Plaintiff's Requests for Production, identify every document that you have withheld or plan to withhold from production under any claim of a privilege, exemption, or immunity from discovery. For each such document or thing, state the specific privilege, the date the document was created, the author and recipient, all persons who have reviewed that document, the location of such document, and a description of any such document sufficient to be identified for purposes of a request for in-camera review as may be necessary.  See Uniform Superior Court Rule 5.5.

## **PART IV – REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce the following documents in accordance with O.C.G.A. § 9-11-34.

1.

All documents evidencing statements identified in your response to Interrogatory No. 4.

2.

All documents evidencing statements identified in your response to Interrogatory No. 5.

3.

All reports specified in your response to Interrogatory No. 22.

4.

All documents concerning boarding of Ian.

5.

A curriculum vitae or summary of education, board certifications, and appointment of each expert witness you may call at trial.

6.

Any written reports created by each expert witness you may call at trial.

7.

Any and all training documents provided to you regarding handling canine officer.

8.

Any and all photographs in your possession of Ian.

9.

Any and all communications, including but not limited to emails and text messages regarding Plaintiff.

10.

Any and all communications, including but not limited to emails and text messages regarding the incident described in the Complaint.

11.

4819-5238-0653, v. 1

All diaries, journals, notes, correspondence or other documents identified in your response to Interrogatory No. 25 above.

12.

All photographs, drawings, pictures, movies, videotapes or other illustrative-like material identified in response to Interrogatory No. 26 above.

Respectfully submitted this 14th day of June, 2021.

COLEMAN TALLEY LLP

*/s/A.A. Howell, IV*
A.A. HOWELL, IV
Georgia Bar No. 689955
TIMOTHY M. TANNER
Georgia Bar No. 697683
KAYLA H. BARNES
Georgia Bar No. 301948

109 S. Ashley Street
Valdosta, GA  31601
(229) 242-7562
(229) 333-0885 facsimile
beau.howell@colemantalley.com
tim.tanner@colemantalley.com
kayla.barnes@colemantalley.com

4819-5238-0653, v. 1

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

JUN 14, 2021 03:56 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

ISABELLE MAZURKIEWICZ,

     Plaintiff,

vs.

FULTON COUNTY, GEORGIA and CODY
SLAY,

     Defendants.

CIVIL ACTION

Case No.

---

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT FULTON COUNTY, GEOGRIA

    To:    Fulton County, Georgia
            c/o Rob Pitts
            141 Pryor St., SW
            10th Fl.
            Atlanta, Georgia 30303

    COMES NOW Plaintiff, by and through Counsel, and, in accordance with O.C.G.A. §§ 9-11-26 and 9-11-36, request that Defendant Fulton County, Georgia  ("Fulton"), answer the following requests for admissions, within forty-five (45) days from the date of service.

    Answers should specifically admit or deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder.  Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless it states that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Defendant to admit or deny.

---

Should you fail to timely serve a response as required by Georgia law, all the facts set forth in Plaintiff's First Request for Admissions herein shall be deemed true.

## PART I – DEFINITIONS

These definitions apply throughout these Requests for Admissions and internally within the text of these definitions.

1) "Plaintiff" shall mean Isabelle Mazurkiewicz.

2) "You" shall refer to Fulton along with its agents and representatives.

3) The "Complaint" shall refer to the Complaint, and any amendments thereto, filed in the above-captioned matter.

4) "Ian" shall refer to that certain canine officer of Fulton who's handler is Cody Slay.

## PART II – REQUEST FOR ADMISSIONS

1.

Admit you received proper ante litem notice pursuant to O.C.G.A. § 36-11-1 in regards to the claims contained in the Complaint.

2.

Admit that you are subject to jurisdiction in Clayton County, Georgia.

3.

Admit that venue for the instant case is proper in the Superior Court of Clayton County, Georgia.

4.

Admit that you were properly served with the Summons and Complaint in the instant matter.

5.

Admit that you do not possess any insurance which might satisfy any claim contained in the Complaint.

6.

Admit that Cody Slay was employed by Fulton on December 4, 2019.

7.

Admit that on December 4, 2019, Fulton owned a law enforcement canine known as "Ian".

Respectfully submitted this _____ day of June, 2021.

COLEMAN TALLEY LLP

_____
A.A. HOWELL, IV
Georgia Bar No. 689955
TIMOTHY M. TANNER
Georgia Bar No. 697683
KAYLA H. BARNES
Georgia Bar No. 301948

109 S. Ashley Street
Valdosta, GA  31601
(229) 242-7562
(229) 333-0885 facsimile
beau.howell@colemantalley.com
tim.tanner@colemantalley.com
kayla.barnes@colemantalley.com

✎ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

JUN 14, 2021 03:56 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

ISABELLE MAZURKIEWICZ,

      Plaintiff,

vs.

FULTON COUNTY, GEORGIA and CODY
SLAY,

      Defendants.

CIVIL ACTION

Case No.

---

**PLAINTIFF ISABELLE MAZURKIEWICZ'S FIRST CONTINUING
INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT
FULTON COUNTY, GEORGIA**

To:    Fulton County, Georgia
       c/o Rob Pitts
       141 Pryor St., SW
       10th Fl.
       Atlanta, Georgia 30303

COMES NOW Plaintiff, by and through Counsel, and propounds the following First

Continuing Interrogatories and Requests for Production of Documents to Defendant Fulton

County, Georgia ("Fulton") to be answered in accordance with O.C.G.A. §§ 9-11-26, and 9-11-

33, and 9-11-34, within forty-five (45) days from the date of service.

## PART I – DEFINITIONS

These definitions apply throughout these interrogatories, requests, and internally within

the text of these definitions. When a definition requires a multiple part response it will be

incorporated in the body of the Interrogatory in capital letters (i.e., "IDENTIFY").

1)     "Person" or "Persons" as used in these interrogatories and requests means any

individual, firm, partnership, corporation or other entity.

2)     "Document" as used in these interrogatories and requests is used in its broad and

liberal sense and means written, typed, printed, recorded or graphic matter, however produced or reproduced, of any kind and description and whether an original, master, duplicate, or copy, including, but not limited to, papers, notes, accounts, books, advertisements, logs, catalogs, manuals, publications, correspondence, memoranda, letters, documents, communications, including inter-office and intra-office communications, reports, studies, analyses, pamphlets, calculations, projections, contracts, charts, plans and specifications, drawings, sketches, surveys, agreements, working papers, business records, minutes of board of directors and committee meetings, books of account, ledger books, note books, vouchers, bank checks, cashiers' checks, receipt for cashier's checks, cancelled checks, check stubs, bills, receipts, invoices, desk calendars, appointment books, diaries, diary entries and notes, minutes, transcriptions or sound recordings of any type of personal or telephone conversations or of negotiations, meetings or conferences or similar to any of the foregoing, telefax transmission letters, photographs, office notes, and all other papers, writings or physical things containing information, including preliminary drafts of or marginal notes appearing on any document, however denominated or described.  "Document" shall further collectively include the original, duplicate original, and any and all copies or reproductions of the original document, to the extent that any or all of said documents are within the possession, custody or control of Plaintiff, or its agents or attorneys.

     3)     "IDENTIFY" as used in these interrogatories in connection with any person or persons requires the following information for each person:

          a.     the person's full name;

          b.     the person's last known business address and telephone number;

          c.     the person's last known home address and telephone number;

          d.     the name of the person's last known employer; and

e.    the person's last known title, position or business.

4)    "SPECIFY" as used in these interrogatories in connection with any document requires the following information for each document:

a.    the title of the document with sufficient particularity to permit its identification;

b.    the name, position of employment or title and business address of each person who prepared or participated in the preparation of each document;

c.    the date on which each document was prepared;

d.    the identity of each person who received or obtained a copy of each document;

e.    if all copies of the document have been destroyed, please IDENTIFY the person or persons authorizing the destruction of the document and the date of the description of the document.

5)    "DESCRIBE" as used in these interrogatories in connection with any act, occurrence, omission or series of acts, occurrences or omissions requires the following information:

a.    the identity of each and every person involved in the act, occurrence, omission or series of acts, occurrences, or omissions as provided in the definition of "IDENTIFY";

b.    the date or dates of each and every act, omission or occurrence;

c.    a brief description of the act, occurrence, omission or series of acts, occurrences or omissions; and

d.    a description of each and every document involved in the act, occurrence,

omission, or series of acts, occurrences or omissions as provided in the definition of "SPECIFY".

6) Documents specified, and persons identified in an answer to an Interrogatory may thereafter be specified or identified only by name or title in answers to subsequent interrogatories.

7) The "Complaint" shall refer to Complaint, and any amendments thereto, filed in the captioned matter.

8) "You" shall refer to Fulton County, GA along with all of its agents and representatives.

9) "Ian" shall refer to that certain canine officer of Fulton who's handler is Cody Slay.

10) "Plaintiff" shall refer to Isabelle Mazurkiewicz.

11) "VCA" shall refer to VCA Pets Are People Too Roswell Animal Hospital located at 535 Sun Valley Dr., Roswell, GA 30076.

## PART II – INSTRUCTIONS

Answers: Each answer must be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. Responses shall be served upon counsel for Defendant within 45 days after service.

Supplemental Responses Required. You are under a duty to supplement your responses to the Interrogatories with respect to the identity and location of persons having knowledge of discoverable matters and the identity of persons expected to be called as expert witnesses, as well as the subject matter on which they are expected to testify and the substance of their testimony.

You are under a duty to amend a prior response if you obtain information upon the basis of

which you know that the response was incorrect when made, or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response would be, in substance, a knowing concealment.

Scope of Responses: If a complete answer or response to a particular interrogatory is not possible, the interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is provided.

Privileged Information: If you contend that an answer to an interrogatory is privileged, in whole or in part, or otherwise object to any part of any interrogatory, the following information should be supplied.

(i)  The reason or reasons for such objection or ground for exclusion; and

(ii) The identity of each person having knowledge of the factual basis, if any, upon which privilege, objection or the ground is based.

## PART III – INTERROGATORIES

1.

Please identify all persons who supplied information or otherwise participated in the answering of these interrogatories, indicating as to each his or her position and or relationship with Fulton.

2.

IDENTIFY each and every individual you contend has knowledge of facts in the Complaint.

3.

Please identify each person you expect to call as an expert witness at trial, stating as to each the subject matter on which the expert is expected to testify, the substance of the facts and

opinions to which the expert is expected to testify and a summary of the grounds for each opinion; if a curriculum vitae or resume is unavailable, please also provide his or her office address and a summary of the background, credentials and experience relevant to his or her expertise on the subject matter of this lawsuit.

4.

If you have obtained or if you are aware of any written or recorded statement concerning upon any fact or issue in this case, as to each statement please state: the name, address and telephone number of the person who gave the statement; whether the statement was written, recorded or stenographically preserved; the date and place the statement was made; the name, address and telephone number of each person present when the statement was made; and the name and address of each person who has possession, custody or control of the original or any reproduction thereof.

5.

If you contend that Plaintiff, or any agent thereof, has ever made an admission or statement against interest that relates to any of the Claims set forth in the Complaint, for each such admission, IDENTIFY and DESCRIBE the following:

(a) The maker of the statement;

(b) The medium of the statement (for example, verbal, written, etc.);

(c) The date of the statement;

(d) The person or persons with firsthand knowledge of the statement; and

(e) The content of the statement.

6.

SPECIFY all inspection reports concerning with the lodging or environment of Ian.

7.

IDENTIFY all individuals who conducted inspections regarding the lodging or environment of Ian, and list the dates and locations of all such inspections.

8.

IDENTIFY all individuals who were interviewed by you regarding the lodging or environment of Ian.

9.

Please list the dates and locations of all third-party facilities which have boarded Fulton canine officers in the last five years.

10.

SPECIFY all reports in changes of living conditions submitted by Officer Cody Slay.

11.

Please list all items provided by you to Officer Cody Slay for the care of Ian.

12.

Please identify any insurance policy which you hold which may provide coverage for the events described in the Complaint.

13.

SPECIFY any and all reports made by you or in your possession concerning the incident described in the Complaint occurring on December 4, 2019.

14.

SPECIFY any and all complaints made against Officer Cody Slay.

15.

If, to your knowledge, information or belief there exists any diary, journal, notes, correspondence or other similar document reflecting or containing observations or recollections which relates or may relate to any fact or issue in this lawsuit, which are not fully identified elsewhere in your responses to these interrogatories, please identify as to each: (a) the author; (b) the type of document; (c) when it was prepared; and (d) the name and address of each person who presently has possession, custody or control of the original or any reproduction thereof.

16.

If to your knowledge, information or belief there exists any photograph, drawing, picture, videotape, movie or other illustrative material depicting any person, thing or occurrence which relates or may relate to any issue in this lawsuit, directly or indirectly, which is not already identified elsewhere in your responses to these interrogatories, please identify as to each: (a) the date it was made; (b) by whom it was made; (c) what it depicts; and (d) the name and address of each person who has possession, custody or control of the original or any reproduction thereof.

17.

With regard to Plaintiff's Requests for Production, identify every document that you have withheld or plan to withhold from production under any claim of a privilege, exemption, or immunity from discovery. For each such document or thing, state the specific privilege, the date the document was created, the author and recipient, all persons who have reviewed that document, the location of such document, and a description of any such document sufficient to be identified for purposes of a request for in-camera review as may be necessary.  See Uniform Superior Court Rule 5.5.

## PART IV – REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following documents in accordance with O.C.G.A. § 9-11-34.

1.

All policies and procedures concerning the use and care of canine officers.

2.

All documents evidencing statements identified in your response to Interrogatory No. 4.

3.

All documents evidencing statements identified in your response to Interrogatory No. 5.

4.

All inspection reports specified in your response to Interrogatory No. 6.

5.

All reports specified in your response to Interrogatory No. 10.

6.

All policies identified by your response to Interrogatory No. 12.

7.

All reports identified in your response to Interrogatory No. 13.

8.

All complaints specified in your response to Interrogatory No. 14.

9.

All contracts between yourself and VCA.

10.

All contracts between yourself and any third-party concerning the boarding of canine officers.

11.

A curriculum vitae or summary of education, board certifications, and appointment of each expert witness you may call at trial.

12.

Any written reports created by each expert witness you may call at trial.

13.

Any and all training documents provided to your canine officer handlers.

14.

Any and all photographs in your possession of Ian.

15.

All diaries, journals, notes, correspondence or other documents identified in your response to Interrogatory No. 15 above.

16.

All photographs, drawings, pictures, movies, videotapes or other illustrative-like material identified in response to Interrogatory No. 16 above

Respectfully submitted this 14th day of June, 2021.

COLEMAN TALLEY LLP

*/s/A.A. Howell, IV*
A.A. HOWELL, IV
Georgia Bar No. 689955
TIMOTHY M. TANNER
Georgia Bar No. 697683
KAYLA H. BARNES
Georgia Bar No. 301948

109 S. Ashley Street
Valdosta, GA  31601
(229) 242-7562
(229) 333-0885 facsimile
beau.howell@colemantalley.com
tim.tanner@colemantalley.com
kayla.barnes@colemantalley.com

# SUPERIOR COURT OF CLAYTON COUNTY
# STATE OF GEORGIA

✦ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**JUN 14, 2021 03:56 PM**

Jacquline D. Wills, Clerk
Clayton County, Georgia

CIVIL ACTION NUMBER  2021CV02172-11

Mazurkiewicz, Isabelle
_____

**PLAINTIFF**

**VS.**

Slay, Cody
Fulton County, Georgia
_____

**DEFENDANTS**

## SUMMONS

TO: SLAY, CODY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **A.A. Howell**
> **Coleman Talley, LLP**
> **P.O. Box 5437**
> **Valdosta, Georgia 31603-5437**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 14th day of June, 2021.**

Clerk of Superior Court

_____

Jacquline D. Wills, Clerk
Clayton County, Georgia

# SUPERIOR COURT OF CLAYTON COUNTY
# STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**JUN 14, 2021 03:56 PM**

Jacquline D. Wills, Clerk
Clayton County, Georgia

CIVIL ACTION NUMBER   2021CV02172-11

Mazurkiewicz, Isabelle

_____

**PLAINTIFF**

                                            **VS.**

Slay, Cody
Fulton County, Georgia

_____

**DEFENDANTS**

**SUMMONS**

TO: FULTON COUNTY, GEORGIA

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **A.A. Howell**
> **Coleman Talley, LLP**
> **P.O. Box 5437**
> **Valdosta, Georgia 31603-5437**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 14th day of June, 2021.**

Clerk of Superior Court

_____

Jacquline D. Wills, Clerk
Clayton County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

🖅 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

JUN 14, 2021 03:56 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

☑ **Superior** or ☐ **State Court of** Clayton                    **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 06-14-2021 | **Case Number** 2021CV02172-11 |
| **MM-DD-YYYY** | |

| Plaintiff(s) | Defendant(s) |
|---|---|
| Mazurkiewicz, Isabelle | Slay, Cody |
| **Last**   **First**   **Middle I.**   **Suffix**   **Prefix** | **Last**   **First**   **Middle I.**   **Suffix**   **Prefix** |
| | Fulton County, Georgia |
| **Last**   **First**   **Middle I.**   **Suffix**   **Prefix** | **Last**   **First**   **Middle I.**   **Suffix**   **Prefix** |
| | |
| **Last**   **First**   **Middle I.**   **Suffix**   **Prefix** | **Last**   **First**   **Middle I.**   **Suffix**   **Prefix** |
| | |
| **Last**   **First**   **Middle I.**   **Suffix**   **Prefix** | **Last**   **First**   **Middle I.**   **Suffix**   **Prefix** |

**Plaintiff's Attorney** Howell , A.A.        **Bar Number** 689955        **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐  Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

☑  I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐  Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐  Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

**SHERIFF'S ENTRY OF SERVICE**

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

AUG 05, 2021 08:39 AM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

Civil Action No. _____ 2021CV02172-11

Date Filed _____ 06/14/21 03:56 PM

Attorney's Address **Howell , A.A.**
**Coleman Talley, LLP**
**P.O. Box 5437**
**Valdosta, GEORGIA 31603-5437**

Name and Address of Party to be Served.
**Fulton County, Georgia**

**c/o Robb Pitts, 141 Pryor St., SW, 10th Floor**

**Atlanta, GEORGIA 30303**

Superior Court ☒   Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐

Georgia, ___ **CLAYTON** ___ COUNTY

Mazurkiewicz, Isabelle

_____
Plaintiff

VS.

Slay, Cody ; Fulton County, Georgia
_____
Defendant

_____
Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant _____ *c/o Robb Pitts* _____ a corporation
by leaving a copy of the within action and summons with *Tanisha Holyfield 4th floor*
in charge of the office and place of doing business of said Corporation in the County. *County attorney office (legal)*

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _21_ day of _____ July _____, 20 _21_

_____ Sgt. Morgan #75n _____
Deputy

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**AUG 20, 2021 01:38 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

ISABELLE MAZURKIEWICZ,     )
                               )
      Plaintiff,           )
                               )
v.                           )
                               )
FULTON COUNTY, GA, and,   )
CODY SLAY,              )
                               )
      Defendants.     )
_____)

CIVIL ACTION FILE NO.:
2021CV02172

## ANSWER AND DEFENSES OF DEFENDANT FULTON COUNTY TO PLAINTIFF'S COMPLAINT FOR DAMAGES & JURY DEMAND

COMES NOW Defendant, Fulton County, Georgia, by and through the undersigned counsel, and files this Answer to Plaintiff's Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent that the Defendant Fulton County is entitled to sovereign immunity.

### THIRD DEFENSE

Defendant denies any act or omission which would make it liable in any way to Plaintiff for any cause of action for damages that has allegedly been committed.

### FOURTH DEFENSE

No act or omission of Defendants either proximately caused or contributed to whatever damages Plaintiff alleges to have suffered.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of comparative negligence.

## SIXTH DEFENSE

Plaintiff's recovery on her claim is barred to the extent she failed in his duty to mitigate damages.

## SEVENTH DEFENSE

Plaintiff's recovery is barred because Plaintiff has failed to use ordinary care to prevent injury to herself.

## EIGHTH DEFENSE

Defendant did not breach any duty owed to Plaintiff with regard to the event(s) allegedly giving rise to Plaintiff's claim.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

## TENTH DEFENSE

Plaintiff's claims for recovery are limited by O.C.G.A. § 36-92-2.

## ELEVENTH DEFENSE

Plaintiff failed to join an indispensable party in accordance to O.C.G.A. § 9-11-19.

## TWELFTH DEFENSE

Defendant responds to the enumerated allegations of Plaintiff's Complaint as follows:

## ANSWER

## PARTIES, JURISDICTION & VENUE

**1.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint; to the extent that an answer is required, all allegations are denied.

**2.**

Defendant admits the allegations contained in paragraph 2 of the Complaint.

**3.**

Defendant denies the allegations contained in paragraph 3 of the Complaint.

**4.**

Defendant admits the allegations contained in paragraph 4 of the Complaint.

**5.**

Defendant admits the allegations contained in paragraph 5 of the Complaint.

**6.**

Defendant denies that it received "proper" notice. Defendant admits the remaining allegations contained in paragraph 6 of the Complaint.

**7.**

Defendant admits the allegations contained in paragraph 7 of the Complaint.

**8.**

Defendant admits the allegations contained in paragraph 8 of the Complaint.

**9.**

Defendant admits the allegations contained in paragraph 9 of the Complaint.

**10.**

Defendant admits the allegations contained in paragraph 10 of the Complaint.

**11.**

Paragraph 11 of the Complaint contains a legal assertion to which no response is required.

**12.**

Paragraph 12 of the Complaint contains a legal assertion to which no response is required.

## **FACTUAL BACKGROUND**

**13.**

Defendant incorporates by reference its answers from Paragraphs 1 through 12 as if fully stated herein.

**14.**

Defendant denies the allegations contained in paragraph 14 of the Complaint.

**15.**

Defendant denies the allegations contained in paragraph 15 of the Complaint.

**16.**

Defendant admits the allegations contained in paragraph 16 of the Complaint.

**17.**

Defendant admits the allegations contained in paragraph 17 of the Complaint.

**18.**

Defendant denies the allegations contained in paragraph 18 of the Complaint as pled, as the release command is not the only way to get Officer Ian to release.

**19.**

Defendant denies the allegations contained in paragraph 19 of the Complaint.

**20.**

Defendant denies that Defendant Slay was employed by Defendant. Defendant admits the remaining allegations contained in paragraph 20 of the Complaint.

**21.**

Defendant denies the allegations contained in paragraph 21 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**22.**

Defendant denies the allegations contained in paragraph 22 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**23.**

Defendant denies the allegations contained in paragraph 23 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**24.**

Defendant denies the allegations contained in paragraph 24 of the Complaint as pled, as the release command is not the only way to get Officer Ian to release and not all Defendants "knew" the facts asserted.

**25.**

Defendant denies the allegations contained in paragraph 25 of the Complaint.

**26.**

Defendant denies the allegations contained in paragraph 26 of the Complaint as pled, as "significant bodily harm" is ambiguous and not defined and not all Defendants "knew" the facts asserted.

**27.**

Defendant denies the allegations contained in paragraph 27 of the Complaint as pled, as "significant bodily harm" is ambiguous and not defined and not all Defendants "knew" the facts asserted.

**28.**

Defendant denies the allegations contained in paragraph 28 of the Complaint as pled, as not all Defendants "knew" the facts asserted, and the knowledge is limited to knowing that Ian would attack when commanded.

**29.**

Defendant denies the allegations contained in paragraph 29 of the Complaint as pled. Defendant admits that the Fulton County Sheriff's Office has specific rules, procedures, and policies for handling, maintaining, and boarding law enforcement canines such as Ian.

**30.**

Defendant denies the allegations contained in paragraph 30 of the Complaint as pled. Defendant admits that the Fulton County Sheriff's Office has specific rules, procedures, and policies for handling, maintaining, and boarding law enforcement canines such as Ian.

**31.**

Defendant denies the allegations contained in paragraph 31 of the Complaint.

**32.**

Defendant admits the allegations contained in paragraph 32 of the Complaint.

**33.**

Defendant admits the allegations contained in paragraph 33 of the Complaint.

**34.**

Defendant admits the allegations contained in paragraph 34 of the Complaint.

**35.**

Defendant admits the allegations contained in paragraph 35 of the Complaint to the extent "said policies" refers to policies adopted by the Fulton County Sheriff.

**36.**

Defendant admits the allegations contained in paragraph 36 of the Complaint

**37.**

Defendant denies the allegations contained in paragraph 37 of the Complaint.

**38.**

Defendant denies the allegations contained in paragraph 38 of the Complaint.

**39.**

Defendant denies the allegations contained in paragraph 45 as pled.  Employees of the Clinic were aware that Officer Ian was a canine officer.

**40.**

Defendant denies the allegations contained in paragraph 40 of the Complaint as pled, as Officer Ian did not have a history of aggression to other persons in the absence of a command to attack.

**41.**

Defendant denies the allegations contained in paragraph 41 of the Complaint.

**42.**

Defendant admits the allegations contained in paragraph 42 of the Complaint.

**43.**

Defendant admits the allegations contained in paragraph 43 of the Complaint. To the extent the allegations in paragraph 43 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**44.**

Defendant admits the allegations contained in paragraph 44 of the Complaint. To the extent the allegations in paragraph 44 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**45.**

Defendant admits the allegations contained in paragraph 45 of the Complaint. To the extent the allegations in paragraph 45 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**46.**

Defendant admits the allegations contained in paragraph 46 of the Complaint. To the extent the allegations in paragraph 46 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**47.**

Defendant admits the allegations contained in paragraph 47 of the Complaint. To the extent the allegations in paragraph 47 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**48.**

Defendant admits the allegations contained in paragraph 48 of the Complaint. To the extent the allegations in paragraph 48 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**49.**

Defendant denies the allegations contained in paragraph 49 of the Complaint.

**50.**

Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 50 of the Complaint; thus, Defendant can neither admit nor deny the same.

**51.**

Defendant denies the allegations contained in paragraph 51 of the Complaint.

**52.**

Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 52 of the Complaint; thus, Defendant can neither admit nor deny the same.

**53.**

Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff was doing when Officer Ian bit her, but admit that Officer Ian bit Plaintiff.

**54.**

Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 54 of the Complaint; thus, Defendant can neither admit nor deny the same.

**55.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 55 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 55 of the Complaint; thus, Defendant can neither admit nor deny the same.

**56.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 56 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 56 of the Complaint; thus, Defendant can neither admit nor deny the same.

**57.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 57 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 57 of the Complaint; thus, Defendant can neither admit nor deny the same.

**58.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 58 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining

allegations contained in paragraph 58 of the Complaint; thus, Defendant can neither admit nor deny the same.

**59.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 59 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 59 of the Complaint; thus, Defendant can neither admit nor deny the same.

**COUNT 1**

**<u>NEGLIGENCE</u>**

**60.**

Defendant incorporates by reference its answers from Paragraphs 1 through 59 as if fully stated herein.

**61**.

Defendant states that its duties are defined by law and that they cannot be expanded or altered by Plaintiff's pleadings.

**62.**

Defendant states that its duties are defined by law and that they cannot be expanded or altered by Plaintiff's pleadings.

**63.**

Defendant denies the allegations contained in paragraph 63 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**64.**

Defendant denies the allegations contained in paragraph 64 of the Complaint.

**65.**

Defendant denies the allegations contained in paragraph 65 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**66.**

Defendant denies the allegations contained in paragraph 66 of the Complaint.

**67.**

Defendant denies the allegations contained in paragraph 67 of the.

**68.**

Defendant denies the allegations contained in paragraph 68 of the Complaint.

**69.**

Defendant denies the allegations contained in paragraph 69 of the Complaint.

**70.**

Defendant admits that Ian bit Plaintiff, but deny that they were negligent or that their actions caused the attack.

**71.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 71 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 71 of the Complaint; thus, Defendant can neither admit nor deny the same.

**72.**

Defendant denies the allegations contained in paragraph 72 of the Complaint.

**73.**

Defendant denies the allegations contained in paragraph 73 of the Complaint.

## COUNT II

## ATTORNEY'S FEES AND COSTS

**74.**

Defendant incorporates by reference its answers from Paragraphs 1 through 73 as if fully stated herein.

**75.**

Defendant denies the allegations contained in paragraph 75 of the Complaint.

**76.**

Defendant denies the allegations contained in paragraph 76 of the Complaint.

**77.**

Defendant denies the allegations contained in paragraph 77 of the Complaint.

**78.**

Defendant denies the allegations contained in paragraph 78 of the Complaint.

**79.**

Defendant denies the allegations contained in paragraph 79 of the Complaint.

## GENERAL DENIAL

Defendant denies each and every allegations of Plaintiff's Complaint not specifically admitted or denied.

**WHEREFORE,** Defendant prays that:

A. Plaintiff's Complaint be dismissed in its entirety;

B. All costs of this litigation be borne by Plaintiff; and

C. The Court grant any such further relief it deems just and proper.

This 20th day of August, 2021.

Respectfully submitted,

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Kaye W. Burwell
Interim County Attorney
Georgia Bar No. 775060
Kaye.Burwell@fultoncountyga.gov

Steven Rosenberg
Deputy County Attorney
Georgia Bar No. 614560
Steven.Rosenberg@fultoncountyga.gov

***/s/ Dominique Martinez***
Dominique Martinez
Senior Assistant County Attorney
Georgia Bar No. 430323
dominique.martinez@fultoncountyga.gov

William K. Scott
Assistant County Attorney
Georgia Bar No. 252892
william.scott@fultoncountyga.gov

141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | 2021CV02172 |
| | ) | |
| v. | ) | |
| | ) | |
| FULTON COUNTY, GA, and, | ) | |
| CODY SLAY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing **ANSWER AND DEFENSES OF DEFENDANT FULTON COUNTY TO PLAINTIFF'S COMPLAINT FOR DAMAGES & JURY DEMAND** via the Odyssey eFileGA system, which will automatically send e-mail notification to the Court and the following counsel of record:

Coleman Talley LLP
109 S. Ashley Street
Valdosta, GA  31601

This 20th day of August, 2021.

*/s/Dominque Martinez*
Dominique Martinez
Senior Assistant County Attorney
Georgia Bar No. 430323
dominique.martinez@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**AUG 20, 2021 01:38 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

|  |  |  |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | 2021CV02172 |
| | ) | |
| v. | ) | |
| | ) | |
| FULTON COUNTY, GA, and, | ) | |
| CODY SLAY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FULTON COUNTY, GEORGIA'S MOTION TO DISMISS

COMES NOW Defendant, Fulton County, Georgia, by and through undersigned counsel, and pursuant to O.C.G.A. § 9-11-12, files this Motion to Dismiss Plaintiff's Complaint and to stay all further proceedings.  In support of Defendant's Motion to Dismiss, Defendant relies upon the Brief in Support filed contemporaneously herewith.

Respectfully submitted, this 20th day of August, 2021.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Kaye Woodard Burwell
Interim County Attorney
Georgia Bar No. 775060

Steve Rosenberg
Senior Assistant County Attorney
Georgia Bar No.

*/s/ Dominique Martinez*
Dominique Martinez
Senior Assistant County Attorney
Georgia Bar No. 430323
dominique.martinez@fultoncountyga.gov

William K. Scott
Assistant County Attorney

Georgia Bar No. 252892
william.scott@fultoncountyga.gov

***Counsel for Defendant***
***Fulton County, GA***

141 Pryor Street, S.W.
Suite 3048
Atlanta, Georgia 30303
404-612-0267 (office)
404-730-6324 (facsimile)

2

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

ISABELLE MAZURKIEWICZ,  )
            )
            )  CIVIL ACTION FILE NO.:
   Plaintiff,      )  2021CV02172
            )
v.            )
            )
FULTON COUNTY, GA, and,  )
CODY SLAY,       )
            )
   Defendants.     )
_____)

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the undersigned counsel served a copy of the foregoing

**DEFENDANT FULTON COUNTY, GEORGIA'S MOTION TO DISMISS,** using the

Odyssey e-File GA system, which will automatically send email notification of such filing to the

following attorney of record:

A.A. Howell, IV
Timothy M. Tanner
Kayla H. Barnes
109 S. Ashley Street
Valdosta, Georgia 31601
Email: beau.howell@colemantalley.com;
Tim.tanner@colemantalley.com
Kayla.barnes@colemantalley.com

Respectfully submitted, this 20th day of August, 2021.

*/s/ Dominique Martinez*
Dominique Martinez
Senior Assistant County Attorney
Georgia Bar No. 430323
dominique.martinez@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038

3

Atlanta, Georgia 30303
(404) 612-0267 (office)
(404) 730-6324 (facsimile)

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**AUG 20, 2021 01:38 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 2021CV02172 |
| v. | ) | |
| | ) | |
| FULTON COUNTY, GA, and, | ) | |
| CODY SLAY, | ) | |
| | ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF DEFENDANT FULTON COUNTY, GEORGIA'S MOTION TO DISMISS

COMES NOW Defendant Fulton County, Georgia ("Defendant"), by and through undersigned counsel, and pursuant to O.C.G.A. § 9-11-12, files this Brief in Support of its Motion to Dismiss Plaintiff's Complaint, showing this Honorable Court the following:

### STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT

According to Plaintiff's Complaint, Plaintiff worked at a veterinary clinic known as "VCA Pets are People Too" (the "Clinic"). Complaint ¶ 36. On or about November 30, 2019, Defendant Slay boarded Officer Ian, a Fulton County canine law enforcement officer, at the Clinic. *Id.* ¶ 35. According to Plaintiff's claims, on December 4, 2019, Officer Ian bit Plaintiff and pinned her to the ground while Plaintiff was attending to her duties at the clinic, which included equipping Officer Ian with an identification tag. *Id.* ¶¶ 50, 53. Plaintiff claims that Defendant Fulton County, Georgia was negligent by boarding Officer Ian at the Clinic without taking proper precautions to prevent such an attack. *Id.* ¶¶ 60-73.

### STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Fulton County asserts that this claim must be dismissed because Fulton County

1

is immune from these claims.  O.C.G.A. § 9-11-12(b)(6) allows for a responsive pleading to assert that a complaint has failed to state a claim upon which relief can be granted.  A motion to dismiss for failure to state a claim upon which relief may be granted should be sustained if: (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint that is sufficient to warrant a grant of the relief sought. Southstar Energy Services, LLC v. Ellison, 286 Ga. 709, 710 (2010).  Additionally, a complaint may be dismissed if it is clearly without any merit, and this lack of merit may consist of an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact that will necessarily defeat the claim.  Rossville Federal Sav. & Loan Ass'n v. Insurance Co. of North America, 121 Ga. App. 435, 438-439 (1970).  Said another way, a motion to dismiss should be granted if the allegations of the complaint, construed most favorably to the plaintiff, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. Thomas v. Lee, 286 Ga. 860, 861 (2010).

## ARGUMENT AND CITATION OF AUTHORITY

### I.  Plaintiff's Claims Against Defendant Fulton County are Barred by Sovereign Immunity.

Plaintiff's Complaint for negligence asserts that it is an action for damages against Fulton County as well as the other identified defendants.  Georgia law is clear that claims against the county are barred by sovereign immunity.  *See* S. LNG, Inc. v. MacGinnitie, 290 Ga. 204, 207 (2011).  "Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial."  Board of Regents v. Canas, 295 Ga. App. 505, 507 (2009); see also Cameron v. Lang, 274 Ga. 122, 123

(2001).  Since sovereign immunity is a threshold matter, the general rule is that the court should consider issues of sovereign immunity prior to issues of causation.  Cameron, 274 Ga. at 126.[1]

Sovereign immunity shields the state and counties from suits seeking to recover damages, as well as from any *legal action* unless the government has waived its immunity from suit.  In the Interest of A. V. B., 267 Ga. 728 (1997); Layer v. Barrow Cty., 297 Ga. 871 (2015) ("As a general rule, counties enjoy sovereign immunity"); Gilbert v. Richardson, 264 Ga. 744, 747 (1994) ([S]overeign immunity…also appl[ies] to counties).  Article 9, Section 2, Paragraph IX of the Georgia Constitution provides that "[t]he General Assembly may waive the immunity of counties, municipalities, and school districts by law."  However, any "waiver [of sovereign immunity] must be established by the party seeking to benefit from the waiver."  McElmore v. City Council of Augusta, 212 Ga. App. 862, 864 (1994).

"A county is not liable to suit for any cause of action unless made so by statute."  O.C.G.A. § 36-1-4.  There is only one pertinent statute which waives sovereign immunity.  O.C.G.A. § 33-24-51(a) provides that a "county is authorized in its discretion to secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury to any person or for damage to property of any person, or for both arising any reason of ownership, maintenance, operation, or use of any motor vehicle by the … county."  Subsection (b) of O.C.G.A. § 33-24-51 creates a limited waiver of sovereign immunity.  Immunity is waived to the extent a county "purchases" insurance "to provide liability coverage for the negligence of any duly

---

[1] On November 3, 2020, the voters of Georgia approved an amendment eliminating sovereign immunity for claims "seeking declaratory relief from acts of the state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof or any county, consolidated government, or municipality of this state or officer or employee thereof outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States. Sovereign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment. Such waiver of sovereign immunity under this Paragraph shall apply to past, current, and prospective acts which occur on or after January 1, 2021."  *See* Ga. H.B 1023.  The Complaint at bar does not seek declaratory relief and both the events and the lawsuit came about before January 1, 2021.  Therefore, the recently approved Amendment does not affect the substance of this motion.

authorized officer, agent, servant, attorney, or employee [operating or using a county vehicle while] in the performance of his official duties."  O.C.G.A. § 33-24-51(b).

Here, Plaintiff has neither alleged, nor can Plaintiff prove, any lawful waiver of sovereign immunity.  See City of Lawrenceville v. Macko, 211 Ga. App. 312, 314 (1993).  Plaintiff has not shown that this suit arises out of claims for the negligent use of a covered motor vehicle.  Plaintiff has failed to demonstrate any claims for damages on account of bodily injury or for damage to property arising by reason of ownership, maintenance, operation, or use of any motor vehicle.  While Plaintiff twice uses the word "chase" in her Complaint (see Compl., ¶¶ 69, 71), there are no facts supporting this allegation and no assertion that any vehicle was involved in this matter.  As such, Plaintiff has failed to demonstrate that Defendant has waived its immunity pursuant to O.C.G.A. § 33-24-51.

Plaintiff's allegations that Fulton County was negligent or was responsible for the negligence of Defendant Slay fall squarely within the limitations imposed by sovereign immunity.  See Gilbert v. Richardson, 264 Ga. 744, 747 (1994) (immunity from tort liability).  These claims against Fulton County sound in tort.  It is Plaintiff's responsibility to show that a waiver of sovereign immunity exists.  The only applicable statute, namely the one relating to automobile insurance, is clearly inapplicable.  Plaintiff has not and cannot identify any other source of waiver.  Without it, sovereign immunity applies.  Accordingly, Fulton County should be dismissed.

## II.     Defendant Slay and Officer Ian are employees of the Fulton County Sheriff, not Fulton County

In addition to Defendant Fulton County's immunity from suit, the County should also be dismissed because Defendant Slay and Officer Ian are not employees of Fulton County, but rather of the Fulton County Sheriff.  "Ordinarily, employees of constitutionally elected officers of a county are considered employees of the elected officer and not employees of the county, as

represented by the local governing authority." See Boswell v. Bramlett, 274 Ga. 50, 51 (2001).

In Georgia, sheriffs are constitutional officers, and "[d]eputy sheriffs and deputy jailors are

employees of the sheriff…. The sheriff, and not the county, is liable for the misconduct of his

deputies." Nichols v. Prather, 286 Ga. App. 889, 895 (2007); see also Moats v. Mendez, 349 Ga.

App. 811, 816-17 (2019) (holding that the plaintiff was legally prohibited from naming a county

as a defendant for a sheriff's alleged negligence).

## CONCLUSION

For the aforementioned reasons, Plaintiff's Complaint should be dismissed in its entirety

as to Defendant Fulton County because the County is entitled to sovereign immunity and because

Defendant Slay and Officer Ian are not employees of Fulton County.  Thus, Defendant Fulton

County respectfully requests that this motion to dismiss be granted in its favor.

Respectfully submitted, this 20th day of August, 2021.

**OFFICE OF THE FULTON COUNTY
ATTORNEY**

Kaye Woodard Burwell
Interim County Attorney
Georgia Bar No. 775060

Steve Rosenberg
Senior Assistant County Attorney
Georgia Bar No.

***/s/ Dominique Martinez***
Dominique Martinez
Senior Assistant County Attorney
Georgia Bar No. 430323
dominique.martinez@fultoncountyga.gov

William K. Scott
Assistant County Attorney
Georgia Bar No. 252892
william.scott@fultoncountyga.gov

***Counsel for Defendant Fulton County, GA***

5

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
404-612-0246 (office)
404-730-6324 (facsimile)

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | 2021CV02172 |
| | ) | |
| v. | ) | |
| | ) | |
| FULTON COUNTY, GA, and, | ) | |
| CODY SLAY, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that the undersigned counsel served a copy of the foregoing **BRIEF IN SUPPORT OF DEFENDANT FULTON COUNTY, GEORGIA'S MOTION TO DISMISS** using the Odyssey e-File GA system, which will automatically send email notification of such filing to the following attorney of record:

A.A. Howell, IV
Timothy M. Tanner
Kayla H. Barnes
109 S. Ashley Street
Valdosta, Georgia 31601
Email: beau.howell@colemantalley.com
Tim.tanner@colemantalley.com
Kayla.barnes@colemantalley.com

Respectfully submitted, this 20th day of August, 2021.

*/s/ Dominique Martinez*
Dominique Martinez
Senior Assistant County Attorney
Georgia Bar No. 430323
dominique.martinez@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 3048
Atlanta, Georgia 30303
404-612-0234 (office) | 404-730-6324 (facsimile)

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

AUG 25, 2021 12:00 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 2021CV02172 |
| v. | ) | |
| | ) | |
| FULTON COUNTY, GA, and, | ) | |
| CODY SLAY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ENTRY OF APPEARANCE

COMES NOW, the undersigned, and files this Entry of Appearance. It is hereby requested that the Clerk of Court add **William K. Scott** as attorney of record for Defendant. It is requested that the Clerk forward notice of all hearings, motions and trials in the above-styled action to the undersigned.

Respectfully submitted, this 24th day of August, 2021.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Kaye Woodard Burwell
Interim County Attorney
Georgia Bar No. 775060

Dominique Martinez
Senior Assistant County Attorney
Georgia Bar No. 430323
dominique.martinez@fultoncountyga.gov

*/s/ William K. Scott*
William K. Scott
Assistant County Attorney
Georgia Bar No. 252892
william.scott@fultoncountyga.gov

***Counsel for Defendant Fulton County, GA***

1

141 Pryor Street, S.W.
Suite 3048
Atlanta, Georgia 30303
404-612-0267 (office)
404-730-6324 (facsimile)

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

ISABELLE MAZURKIEWICZ,      )
                                    )
                                    )     CIVIL ACTION FILE NO.:
      Plaintiff,          )     2021CV02172
                                    )
v.                                )
                                    )
FULTON COUNTY, GA, and,     )
CODY SLAY,               )
                                    )
      Defendants.        )
_____)

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the undersigned counsel served a copy of the foregoing**,**

**ENTRY OF APPEARANCE** using the Odyssey e-File GA system, which will automatically send

email notification of such filing to the following attorney of record:

A.A. Howell, IV
Timothy M. Tanner
Kayla H. Barnes
109 S. Ashley Street
Valdosta, Georgia 31601
Email: beau.howell@colemantalley.com;
Tim.tanner@colemantalley.com
Kayla.barnes@colemantalley.com

Respectfully submitted, this 24th day of August, 2021.

*/s/ William K. Scott*
William K. Scott
Assistant County Attorney
Georgia Bar No. 252892
william.scott@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038
Atlanta, Georgia 30303
(404) 612-0267 (office) │ (404) 730-6324 (facsimile)

3

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA
**2021CV02172-11**

**SEP 13, 2021 02:42 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

ISABELLE MAZURKIEWICZ,

      Plaintiff,

                            CIVIL ACTION #2021CV02172-11

v.

FULTON COUNTY, GEORGIA and
CODY SLAY,

      Defendants.

## **AFFIDAVIT OF SERVICE**

Comes now, Nicholas Mallas, a United States citizen over the age of 18 years, authorized to serve in this above styled matter pursuant to my 2021 Clayton State appointment and before the undersigned duly authorized to administer oaths, appointed and being sworn on oath, deposed and states as follows:

I served a SUMMONS; COMPLAINT FOR DAMAGES; PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT CODY SLAY; PLAINTIFF ISABELLE MAZURKIEWICA'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT CODY SLAY in the above styled matter upon **CODY SLAY** by handing to Cody Slay on September 9, 2021, 5:25 p .m. at 3780 Bennett Trail, Lithia Springs, Georgia 30122.

Nicholas Mallas

Sworn to and subscribed before me this
13ᵀ day of September, 2021.

NOTARY

DONNA MALLAS
MY COMMISSION EXPIRES
NOTARY
PUBLIC
AUGUST 10, 2022
DEKALB COUNTY, GEORGIA

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**SEP 22, 2021 05:01 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

ISABELLE MAZURKIEWICZ,

     Plaintiff,

vs.

FULTON COUNTY, GA and CODY SLAY

     Defendants.

CIVIL ACTION

Case No. 2021CV02172-11

---

### CONSENT MOTION TO DISMISS DEFENDANT FULTON COUNTY, GA WITHOUT PREJUDICE

COMES NOW Plaintiff Isabelle Mazurkiewicz, and files this Motion to Dismiss Defendant Fulton County, GA Without Prejudice, respectfully showing the Court as follows:

1.

O.C.G.A. § 9-11-21 permits the dismissal of less than all parties to an action "by order of the court on motion of any party or on its own initiative at any stage of the action and on such terms that are just."

2.

Pursuant to O.C.G.A. §§ 9-11-21 and 9-11-41, Plaintiff respectfully requests this Court enter an order dismissing, without prejudice, Fulton County, GA, as a party to this action. Such dismissal shall not terminate this case and all other remaining claims against Cody Slay shall remain pending.

3.

Defendant, Fulton County, Ga Consents to this dismissal.

4.

No party will be prejudiced by the relief requested herein.

WHEREFORE, Plaintiff respectfully rests that this Court dismiss Defendant Fulton County, GA, without prejudice as a Defendant in the instant action.

Respectfully submitted this 22nd day of September, 2021.

**COLEMAN TALLEY LLP**

109 S. Ashley Street
Valdosta, Georgia 31601
T:  (229) 242-7562
F:  (229) 333-0885
beau.howell@colemantalley.com
tim.tanner@colemantalley.com
kayla.barnes@colemantalley.com

*/s/ A.A. Howell, IV*
A.A. HOWELL, IV
Georgia Bar No. 689955
TIMOTHY M. TANNER
Georgia Bar No. 697683
KAYLA H. BARNES
Georgia Bar No. 301948

**OFFICE OF THE FULTON COUNTY ATTORNEY**

141 Pryor Street, S.W.
Suite 3048
Atlanta, Georgia 3033
T:  (404) 612-0267
F:  (404) 730-6324
William.scott@fultoncountyga.gov

*/s/ William K. Scott*
*(Signed w/ express permission by KHB)*
WILLIAM K. SCOTT
Georgia Bar No. 252892

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ISABELLE MAZURKIEWICZ, | |
| Plaintiff, | CIVIL ACTION |
| vs. | |
| FULTON COUNTY, GA and CODY SLAY | Case No. 2021CV02172-11 |
| Defendants. | |

---

### CERTIFICATE OF SERVICE

---

I hereby certify that I have this day served a copy of the forgoing *Consent Motion to Dismiss Fulton County, GA Without Prejudice* mailing the same to the following:

Office of the Fulton County Attorney
Kaye W. Burwell
Steven Rosenberg
Dominique Martinez
William K. Scott
141 Pryor Street, SW
Suite 4038

Cody Slay
3780 Bennett Trail
Lithia Springs, GA 30122

This 22nd day of September.

/s/A.A. Howell, IV
A.A. Howell, IV

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

SEP 22, 2021 05:01 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

### IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

**ISABELLE MAZURKIEWICZ**

    **Plaintiff,**

**vs.**

**FULTON COUNTY, GEORGIA AND
CODY SLAY,**

    **Defendants.**

**CIVIL ACTION**

**Case No. 2021CV02172-11**

### PLAINTIFF'S RESPONSE TO FULTON COUNTY, GEORGIA'S MOTION TO DISMISS

Comes Now, Isabelle Mazurkiewicz, Plaintiff in the above captioned matter, and responds to Defendant Fulton County, Georgia's Motion to Dismiss as follows:

### INTRODUCTION

None of Defendant Fulton County, Georgia's arguments are ripe for a ruling at this stage of the litigation. Rather, all of Defendant's arguments are motion for summary judgment arguments to be made after discovery has taken place. At the instant stage of the litigation, the only question for the Court is whether, when construing the Complaint in the light most favorable to Plaintiff (with all doubts resolved in Plaintiff's favor…even if contrary inferences are also possible), Plaintiff has pled a short and plain statement of the claim that would entitle Plaintiff to relief and that has given Defendant fair notice of what the claim is and a general indication of the type of litigation involved. See Bazemore v. Burnet, 117 Ga. App. 849, 852 (1968); Islam v. Wells Fargo Bank, N.A., 327 Ga. App. 197, 197 (2014); Dillingham v. Doctors Clinic, P.A., 236 Ga. 302, 303 (1976) (reversing the grant of a motion to dismiss). "[T]he discovery process bears the

burden of filling in details." <u>Dillingham</u>, 236 Ga. at 303.  The Complaint in this action each clearly meets this notice pleading requirement.  Thus, Defendant Fulton County, Georgia's Motion to Dismiss should be denied in its entirety, and the case should be allowed to proceed through the discovery phase of litigation until such time that it is ripe for motion for summary judgment arguments. Finally, simultaneously with this response, Plaintiff has filed a *consent* motion to dismiss Fulton County, Georgia without prejudice. Therefore, Defendant Fulton County, Georgia's Motion to Dismiss is moot and Plaintiff respectfully requests that the Court grant its motion regarding dismissing less than all parties to this action.

### Argument and Citation to Authority

"A motion to dismiss pursuant to OCGA § 9-11-12 (b) (6) will not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought . . . The main consideration of such a motion to dismiss is 'whether, under the assumed set of facts, a right to some form of legal relief would exist.'" <u>Northway v. Allen</u>, 291 Ga. 227, 229 (2012) (citations omitted).  A motion to dismiss should be denied unless "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be provided in support of his claim." <u>Bourn v. Herring</u>, 225 Ga. 67, 70 (1969).  The complaint only requires "a short and plain statement of the claim that will give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in details." <u>Dillingham v. Doctors Clinic, P.A.</u>, 236 Ga. 302, 303 (1976) (reversing the grant of a motion to dismiss).  "[T]he issue is not whether the petition pled a claim in an ideal

manner but whether it sufficiently gave . . . fair notice of the claim and a general indication of the type of litigation involved." <u>Lathem v. Hestley</u>, 270 Ga. 849, 850 (1999)

When deciding a motion to dismiss, the complaint should be "construed in the light most favorable to the plaintiff with all doubts resolved in his favor…even if contrary inferences are also possible." <u>Bazemore v. Burnet</u>, 117 Ga. App. 849, 852 (1968); <u>Islam v. Wells Fargo Bank, N.A.</u>, 327 Ga. App. 197, 197 (2014).  In Georgia,

> it is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. Rather, the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act. Thus, a motion to dismiss for failure to state a claim should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

<u>Campbell v. Ailion</u>, 338 Ga. App. 382, 384-85 (2016) (quoting <u>Babalola v. HSBC Bank, USA, N.A.</u>, 324 Ga. App. 750, 752 (2) (2013) (citations and punctuation omitted)).

### A.  <u>Fulton County, Georgia's Motion is Moot as They Have Consented to Voluntary Dismissal as a Party.</u>

Defendant Fulton County and Plaintiff have filed at the same time as this response a Motion to voluntarily dismiss Fulton County, Georgia, without prejudice. As such, Fulton County's Motion to Dismiss is moot.

### B.  <u>Fulton County, Georgia Included Facts Outside of the Complaint On Which Plaintiff Is Entitled to Discovery.</u>

Defendant Fulton County, Georgia claims Defendant Slay and Officer Ian are employees of the Sheriff and not the County. However, the degree and control Fulton County has over the K-

9 program itself a question of fact that is not yet ripe for review. Fulton County, Georgia itself may have control in the K-9 program, which upon information and belief is funded directly by Fulton County, Georgia. Here, discovery will determine whether the claims made in Fulton County, Georgia's Motion to Dismiss are accurate and granting a motion to dismiss based on Fulton County' Georgia's presentation of the facts would be premature and contrary to the requirements of O.C.G.A. § 9-11-12.

## **CONCLUSION**

Plaintiff hereby requests that the Court grant the Consent Motion to Dismiss Fulton County, Georgia without prejudice from this action, to enable Plaintiff to move forward with conducting discovery within the framework of her complaint. In the alternative, Plaintiff requests that the Court deny Defendant Fulton County Georgia's Motion to Dismiss.

Respectfully submitted this 22nd day of September, 2021.

**COLEMAN TALLEY LLP**

109 S. Ashley Street
Valdosta, Georgia 31601
T:  (229) 242-7562
F:  (229) 333-0885
beau.howell@colemantalley.com
tim.tanner@colemantalley.com
kayla.barnes@colemantalley.com

*/s/ A.A. Howell, IV*
A.A. HOWELL, IV
Georgia Bar No. 689955
TIMOTHY M. TANNER
Georgia Bar No. 697683
KAYLA H. BARNES
Georgia Bar No. 301948

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**ISABELLE MAZURKIEWICZ**

     **Plaintiff,**

**vs.**

**FULTON COUNTY, GEORGIA AND
CODY SLAY,**

     **Defendants.**

CIVIL ACTION

Case No. **2021CV02172-11**

---

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the forgoing *Plaintiff's Response to Fulton County, Georgia's Motion to Dismiss* by mailing the same to the following:

Office of the Fulton County Attorney
Kaye W. Burwell
Steven Rosenberg
Dominique Martinez
William K. Scott
141 Pryor Street, SW
Suite 4038

Cody Slay
3780 Bennett Trail
Lithia Springs, GA 30122

This 22nd day of September.

                        */s/A.A. Howell, IV*
                        A.A. Howell, IV

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

OCT 11, 2021 06:06 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

ISABELLE MAZURKIEWICZ,        )
                              )
        Plaintiff,            )        CIVIL ACTION FILE NO.:
                              )        2021CV02172
v.                            )
                              )
FULTON COUNTY, GA, and,       )
CODY SLAY,                    )
                              )
        Defendants.           )
_____)

**ANSWER AND DEFENSES OF DEFENDANT CODY SLAY TO PLAINTIFF'S**
**COMPLAINT FOR DAMAGES & JURY DEMAND**

---

COMES NOW Defendant, Cody Slay, by and through the undersigned counsel, and files this Answer to Plaintiff's Complaint for Damages as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred to the extent that the Defendant Cody Slay is entitled to official immunity.

**THIRD DEFENSE**

Defendant denies any act or omission which would make him liable in any way to Plaintiff for any cause of action for damages that has allegedly been committed.

**FOURTH DEFENSE**

No act or omission of Defendant either proximately caused or contributed to whatever damages Plaintiff alleges to have suffered.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of comparative negligence.

## SIXTH DEFENSE

Plaintiff's recovery on her claim is barred to the extent she failed in his duty to mitigate damages.

## SEVENTH DEFENSE

Plaintiff's recovery is barred because Plaintiff has failed to use ordinary care to prevent injury to herself.

## EIGHTH DEFENSE

Defendant did not breach any duty owed to Plaintiff with regard to the event(s) allegedly giving rise to Plaintiff's claim.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

## TENTH DEFENSE

Plaintiff's claims for recovery are limited by O.C.G.A. § 36-92-2.

## ELEVENTH DEFENSE

Plaintiff failed to join an indispensable party in accordance to O.C.G.A. § 9-11-19.

## TWELFTH DEFENSE

Defendant responds to the enumerated allegations of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION & VENUE

**1.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint; to the extent that an answer is required, all allegations are denied.

**2.**

Defendant admits the allegations contained in paragraph 2 of the Complaint.

**3.**

Defendant denies the allegations contained in paragraph 3 of the Complaint.

**4.**

Defendant admits the allegations contained in paragraph 4 of the Complaint.

**5.**

Defendant denies the allegations contained in paragraph 5 of the Complaint.

**6.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint; to the extent that an answer is required, all allegations are denied.

**7.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint; to the extent that an answer is required, all allegations are denied.

**8.**

Defendant admits the allegations contained in paragraph 8 of the Complaint.

**9.**

Defendant admits the allegations contained in paragraph 9 of the Complaint.

**10.**

Defendant admits the allegations contained in paragraph 10 of the Complaint.

**11.**

Paragraph 11 of the Complaint contains a legal assertion to which no response is required.

**12.**

Paragraph 12 of the Complaint contains a legal assertion to which no response is required.

**<u>FACTUAL BACKGROUND</u>**

**13.**

Defendant incorporates by reference its answers from Paragraphs 1 through 12 as if fully stated herein.

**14.**

Defendant denies the allegations contained in paragraph 14 of the Complaint.

**15.**

Defendant denies the allegations contained in paragraph 15 of the Complaint.

**16.**

Defendant admits the allegations contained in paragraph 16 of the Complaint.

**17.**

Defendant admits the allegations contained in paragraph 17 of the Complaint.

**18.**

Defendant denies the allegations contained in paragraph 18 of the Complaint as pled, as the release command is not the only way to get Officer Ian to release.

**19.**

Defendant denies the allegations contained in paragraph 19 of the Complaint.

**20.**

Defendant denies that Defendant Slay was employed by Defendant. Defendant admits the remaining allegations contained in paragraph 20 of the Complaint.

**21.**

Defendant denies the allegations contained in paragraph 21 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**22.**

Defendant denies the allegations contained in paragraph 22 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**23.**

Defendant denies the allegations contained in paragraph 23 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**24.**

Defendant denies the allegations contained in paragraph 24 of the Complaint as pled, as the release command is not the only way to get Officer Ian to release and not all Defendants "knew" the facts asserted.

**25.**

Defendant denies the allegations contained in paragraph 25 of the Complaint.

**26.**

Defendant denies the allegations contained in paragraph 26 of the Complaint as pled, as "significant bodily harm" is ambiguous and not defined and not all Defendants "knew" the facts asserted.

**27.**

Defendant denies the allegations contained in paragraph 27 of the Complaint as pled, as "significant bodily harm" is ambiguous and not defined and not all Defendants "knew" the facts asserted.

**28.**

Defendant denies the allegations contained in paragraph 28 of the Complaint as pled, as not all Defendants "knew" the facts asserted, and the knowledge is limited to knowing that Ian would attack when commanded.

**29.**

Defendant denies the allegations contained in paragraph 29 of the Complaint as pled. Defendant admits that the Fulton County Sheriff's Office has specific rules, procedures, and policies for handling, maintaining, and boarding law enforcement canines such as Ian.

**30.**

Defendant denies the allegations contained in paragraph 30 of the Complaint as pled. Defendant admits that the Fulton County Sheriff's Office has specific rules, procedures, and policies for handling, maintaining, and boarding law enforcement canines such as Ian.

**31.**

Defendant denies the allegations contained in paragraph 31 of the Complaint.

**32.**

Defendant denies the allegations contained in paragraph 32 of the Complaint as pled to the extent that they refer to policies that are not contained in the Fulton County Sheriff's Office's specific rules, procedures, and policies.  Defendant admits that he knew of the Fulton County Sheriff's Office's specific rules, procedures, and policies, and that he had the discretion allowed by such rules, procedures, and policies.

**33.**

Defendant admits the allegations contained in paragraph 33 of the Complaint.

**34.**

Defendant denies the allegations contained in paragraph 34 of the Complaint as pled to the extent that they refer to policies that are not contained in the Fulton County Sheriff's Office's specific rules, procedures, and policies.  Defendant admits that he knew of the Fulton County Sheriff's Office's specific rules, procedures, and policies, and that he had the discretion allowed by such rules, procedures, and policies.

**35.**

Defendant admits the allegations contained in paragraph 35 of the Complaint.

**36.**

Defendant admits the allegations contained in paragraph 36 of the Complaint

**37.**

Defendant denies the allegations contained in paragraph 37 of the Complaint.

**38.**

Defendant denies the allegations contained in paragraph 38 of the Complaint.

**39.**

Defendant denies the allegations contained in paragraph 39 as pled.

**40.**

Defendant denies the allegations contained in paragraph 40 of the Complaint as pled.

**41.**

Defendant denies the allegations contained in paragraph 41 of the Complaint.

**42.**

Defendant admits the allegations contained in paragraph 42 of the Complaint.

**43.**

Defendant admits the allegations contained in paragraph 43 of the Complaint. To the extent the allegations in paragraph 43 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**44.**

Defendant admits the allegations contained in paragraph 44 of the Complaint. To the extent the allegations in paragraph 44 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**45.**

Defendant admits the allegations contained in paragraph 45 of the Complaint. To the extent the allegations in paragraph 45 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**46.**

Defendant admits the allegations contained in paragraph 46 of the Complaint. To the extent the allegations in paragraph 46 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**47.**

Defendant admits the allegations contained in paragraph 47 of the Complaint. To the extent the allegations in paragraph 47 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**48.**

Defendant admits the allegations contained in paragraph 48 of the Complaint. To the extent the allegations in paragraph 48 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**49.**

Defendant denies the allegations contained in paragraph 49 of the Complaint.

**50.**

Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 50 of the Complaint; thus, Defendant can neither admit nor deny the same.

**51.**

Defendant denies the allegations contained in paragraph 51 of the Complaint.

**52.**

Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 52 of the Complaint; thus, Defendant can neither admit nor deny the same.

**53.**

Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff was doing when Officer Ian bit her, but admit that Officer Ian bit Plaintiff.

**54.**

Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 54 of the Complaint; thus, Defendant can neither admit nor deny the same.

**55.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 55 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 55 of the Complaint; thus, Defendant can neither admit nor deny the same.

**56.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 56 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 56 of the Complaint; thus, Defendant can neither admit nor deny the same.

**57.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 57 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 57 of the Complaint; thus, Defendant can neither admit nor deny the same.

**58.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 58 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 58 of the Complaint; thus, Defendant can neither admit nor deny the same.

**59.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 59 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 59 of the Complaint; thus, Defendant can neither admit nor deny the same.

**COUNT 1**

**<u>NEGLIGENCE</u>**

**60.**

Defendant incorporates by reference his answers from Paragraphs 1 through 59 as if fully stated herein.

**61**.

Defendant states that his duties are defined by law and that they cannot be expanded or altered by Plaintiff's pleadings, and therefore no response is required.  To the extent that a response is required, the allegations contained in paragraph 61 are denied.

**62.**

Defendant states that his duties are defined by law and that they cannot be expanded or altered by Plaintiff's pleadings, and therefore no response is required.  To the extent that a response is required, the allegations contained in paragraph 62 are denied.

**63.**

Defendant denies the allegations contained in paragraph 63 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**64.**

Defendant denies the allegations contained in paragraph 64 of the Complaint.

**65.**

Defendant denies the allegations contained in paragraph 65 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**66.**

Defendant denies the allegations contained in paragraph 66 of the Complaint.

**67.**

Defendant denies the allegations contained in paragraph 67 of the Complaint.

**68.**

Defendant denies the allegations contained in paragraph 68 of the Complaint.

**69.**

Defendant denies the allegations contained in paragraph 69 of the Complaint.

**70.**

Defendant denies the allegations contained in paragraph 70 of the Complaint.

**71.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 71 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 71 of the Complaint; thus, Defendant can neither admit nor deny the same.

**72.**

Defendant denies the allegations contained in paragraph 72 of the Complaint.

**73.**

Defendant denies the allegations contained in paragraph 73 of the Complaint.

## COUNT II

## ATTORNEY'S FEES AND COSTS

**74.**

Defendant incorporates by reference its answers from Paragraphs 1 through 73 as if fully stated herein.

**75.**

Defendant denies the allegations contained in paragraph 75 of the Complaint.

**76.**

Defendant denies the allegations contained in paragraph 76 of the Complaint.

**77.**

Defendant denies the allegations contained in paragraph 77 of the Complaint.

**78.**

Defendant denies the allegations contained in paragraph 78 of the Complaint.

**79.**

Defendant denies the allegations contained in paragraph 79 of the Complaint.

## <u>GENERAL DENIAL</u>

Defendant denies each and every allegations of Plaintiff's Complaint not specifically admitted or denied.

**WHEREFORE,** Defendant prays that:

A.  Plaintiff's Complaint be dismissed in its entirety;

B.  All costs of this litigation be borne by Plaintiff; and

C.  The Court grant any such further relief it deems just and proper.

This 11th day of October, 2021.

Respectfully submitted,

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Kaye W. Burwell
Interim County Attorney
Georgia Bar No. 775060
Kaye.Burwell@fultoncountyga.gov

Steven Rosenberg
Deputy County Attorney
Georgia Bar No. 614560
Steven.Rosenberg@fultoncountyga.gov

*/s/ William K. Scott*
William K. Scott

Assistant County Attorney
Georgia Bar No. 252892
william.scott@fultoncountyga.gov

141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

ISABELLE MAZURKIEWICZ, )
) CIVIL ACTION FILE NO.:
     Plaintiff, ) 2021CV02172
)
v. )
)
FULTON COUNTY, GA, and, )
CODY SLAY, )
)
     Defendants. )
_____)

## CERTIFICATE OF SERVICE

     This is to certify that I have this day filed the foregoing **ANSWER AND DEFENSES OF**

**DEFENDANT CODY SLAY TO PLAINTIFF'S COMPLAINT FOR DAMAGES & JURY**

**DEMAND** via the Odyssey eFileGA system, which will automatically send e-mail notification to

the Court and the following counsel of record:

Coleman Talley LLP
109 S. Ashley Street
Valdosta, GA  31601

This 11TH day of October, 2021.

*/s/ William K. Scott*
William K. Scott
Assistant County Attorney
Georgia Bar No. 252892
william.scott@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**OCT 11, 2021 06:06 PM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

ISABELLE MAZURKIEWICZ,               )
                                     )
      Plaintiff,                     )    CIVIL ACTION FILE NO.:
                                     )    2021CV02172
v.                                   )
                                     )
FULTON COUNTY, GA, and,              )
CODY SLAY,                           )
                                     )
      Defendants.                    )
_____)

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing **ANSWER AND DEFENSES OF**

**DEFENDANT CODY SLAY TO PLAINTIFF'S COMPLAINT FOR DAMAGES & JURY**

**DEMAND** via the Odyssey eFileGA system, which will automatically send e-mail notification to

the Court and the following counsel of record:

           Coleman Talley LLP
           109 S. Ashley Street
           Valdosta, GA  31601

This 11TH day of October, 2021.

           */s/ William K. Scott*
           William K. Scott
           Assistant County Attorney
           Georgia Bar No. 252892
           william.scott@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

Robert L. Mack
DEC 09, 2021 11:03 AM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 2021CV02172 |
| v. | ) | |
| | ) | |
| FULTON COUNTY, GA, and, | ) | |
| CODY SLAY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ENTRY OF APPEARANCE

COMES NOW, the undersigned, and files this Entry of Appearance. It is hereby requested that the Clerk of Court add **Emilie O. Denmark** as attorney of record for Defendant, Cody Slay. It is requested that the Clerk forward notice of all hearings, motions and trials in the above-styled action to the undersigned.

Respectfully submitted, this 9th day of December, 2021.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Y. Soo Jo
County Attorney
Georgia Bar No. 385817
soo.jo@fultoncountyga.gov

Dominique Martinez
Deputy County Attorney
Georgia Bar No. 430323
dominique.martinez@fultoncountyga.gov

Steven Rosenberg
Deputy County Attorney
Georgia Bar No. 614560
steven.rosenberg@fultoncountyga.gov

1

*/s/ Emilie O. Denmark*_____
Emilie O. Denmark
Assistant County Attorney
Georgia Bar No. 185110
Emilie.Denmark@fultoncountyga.gov

141 Pryor Street, S.W.
Suite 3048
Atlanta, Georgia 30303
404-612-0267 (office)
404-730-6324 (facsimile)

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | 2021CV02172 |
| | ) | |
| v. | ) | |
| | ) | |
| FULTON COUNTY, GA, and, | ) | |
| CODY SLAY, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed this **ENTRY OF APPEARANCE** using

the PeachCourt e-File GA system and by depositing a true and correct copy of the same in the

United States mail, proper postage affixed thereto, addressed as follows:

A.A. Howell, IV
Timothy M. Tanner
Kayla H. Barnes
109 S. Ashley Street
Valdosta, Georgia 31601
Email: beau.howell@colemantalley.com;
Tim.tanner@colemantalley.com
Kayla.barnes@colemantalley.com

Respectfully submitted, this 9th day of December, 2021.

/s/ Emilie O. Denmark
Emilie O. Denmark
Assistant County Attorney
Georgia Bar No. 185110
Emilie.Denmark@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038
Atlanta, Georgia 30303
(404) 612-0267 (office) │ (404) 730-6324 (facsimile)

3

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**DEC 31, 2021 10:44 AM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

ISABELLE MAZURKIEWICZ,

     Plaintiff,

vs.

FULTON COUNTY, GA, and CODY SLAY

     Defendant.

CIVIL ACTION

Case No. 2021CV02172-11

---

### MOTION TO ADD PARTY DEFENDANTS

COMES NOW Plaintiff Isabelle Mazurkiewicz, and files this Motion to Add Party Defendants, pursuant to OCGA § 9-11-21 showing the Court as follows:

1.

Pursuant to OCGA § 9-11-21, Plaintiff intends to amend her First Amended Complaint for Damages to add the Sheriff of Fulton County, Patrick Labat, in his official capacity, as a party defendant and Corey Henry, in his individual and official capacities. According to OCGA § 9-11-21, "[p]arties may be dropped or added by order of the court on motion or any party of its own initiative at any stage of the action and on such terms as are just."  A copy of the First Amended Complaint which Plaintiff wishes to file is attached hereto as Exhibit A.

2.

OCGA § 9-11-15 allows a party to amend its pleadings "as a matter of course and without leave of the court at any time before the entry of a pretrial order."

3.

Plaintiff filed the instant Complaint for Damages against Fulton County, GA and Cody Slay on or about June 14, 2021 alleging damages resulting from an attack by a Fulton County canine officer.

4.

Upon information and belief, the parties to be added, the Sheriff of Fulton County, Patrick Labat, in his official capacity, Corey Henry, in his individual and official capacities, may be responsible for the attack of Plaintiff by Fulton County canine officer, Ian.

5.

This litigation is in the very earliest stages as discovery has not commenced.

6.

There is no prejudice in allowing the Sheriff of Fulton County, Patrick Labat, in his official capacity, or Corey Henry, on his individual and official capacities to be added as defendants. Prior to the filing of this Motion, these defendants received timely and proper notice of the claims asserted in Plaintiff's First Amended Complaint.

7.

There is no prejudice to the currently named Defendant as this case is still in its early stages.

8.

Following the filing of an order reflecting the party additions, the Sheriff of Fulton County and Corey Henry shall be served an Amended Complaint, shall submit a responsive pleading on or before thirty (30) days after service has been made.

9.

Plaintiff is authorized to state that Counsel for Defendant Slay has no objection to the relief requested in this Motion. By not objecting to this Motion, Defendant Slay nor any other Defendant waives their right to pursue any defenses available to them by law.

WHEREFORE, Plaintiff requests this Motion to Add a Party Defendant be granted, allowing Plaintiff to amend her First Amended Complaint to add the Sheriff of Fulton County,

Patrick Labat, in his official capacity, and Corey Henry in his individual and official capacities as party defendants.

**Respectfully submitted this 31st day of December, 2021.**


**COLEMAN TALLEY LLP**

109 S. Ashley Street                                        */s/ A.A. Howell, IV*
Valdosta, Georgia 31601                                A.A. HOWELL, IV
T:  (229) 242-7562                                        Georgia Bar No. 689955
F:  (229) 333-0885                                        TIMOTHY M. TANNER
beau.howell@colemantalley.com          Georgia Bar No. 697683
tim.tanner@colemantalley.com             KAYLA H. BARNES
kayla.barnes@colemantalley.com         Georgia Bar No. 301948

**IN THE SUPERIOR COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

ISABELLE MAZURKIEWICZ,

      Plaintiff,

vs.

FULTON COUNTY, GA and CODY SLAY

      Defendants.

CIVIL ACTION

Case No. 2021CV02172-11

---

## CERTIFICATE OF SERVICE

---

      I hereby certify that I have this day served a copy of the forgoing *Motion to Add Party Defendants* by mailing the same to the following:

Office of the Fulton County Attorney
Emilie Denmark
141 Pryor Street, SW
Suite 4038

This 31st day of December, 2021.

                         */s/A.A. Howell, IV*
                         A.A. Howell, IV

# Exhibit A

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**ISABELLE MAZURKIEWICZ**

    **Plaintiff,**

**vs.**

**CODY SLAY, COREY HENRY, and
SHERIFF PATRICK LABAT, in his
official capacity,**

    **Defendants.**

**CIVIL ACTION**

**Case No. 2021CV02172-11**

### FIRST AMENDED COMPLAINT FOR DAMAGES

Comes Now Isabelle Mazurkiewicz, Plaintiff in the above-captioned action, and files her First Amended Complaint for Damages showing this Court as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1.

Isabelle Mazurkiewicz, who is *sui juris*, is a resident of the State of Georgia.

2.

Upon information and belief, Defendant Cody Slay (Defendant "Slay") is a resident of Clayton County, Georgia.  Defendant Slay may be personally served with process in this action at or about 4248 Cottage Lane, Conley, Clayton County, Georgia.

3.

Upon information and belief, Defendant Corey Henry (Defendant "Henry") is a resident of Rockdale County, Georgia. Upon information and belief, Defendant Henry may be personally

served with process in this action at 20841 Weatherstone Cir. SE, Conyers, GA 30094.[1]

4.

Defendant Sheriff Patrick Labat (Defendant "Sheriff") is the acting sheriff of Fulton, County Georgia. The instant suit is being brought against Sheriff Patrick Labat in his official capacity only. Sheriff Patrick Labat may be served at 185 Central Ave, SW, Atlanta, GA 30303.

5.

Defendants are subject to personal jurisdiction in this Court.

6.

The claims set forth herein seek, among other things, to recover damages as a result of the joint negligence and wrongful conduct of Defendants.  As a result, venue is proper in this Court pursuant to Article 6, Section 2, Paragraph IV of the Constitution of the State of Georgia.

7.

Prior to the filing of this action, Defendant Sheriff received timely and proper notice of the claims asserted herein.

8.

Provision of said notice to Defendant Sheriff complied with O.C.G.A. § 36-11-1 and all other applicable provisions of Georgia law, to the extent such notice was required.

9.

Prior to the filing of this action, Defendant Slay received timely and proper notice of the claims asserted herein.

---

[1] This is the latest address Plaintiff's Counsel has for Corey Henry. In the event Counsel receives updated information regarding Corey Henry's address, this proposed Amended Complaint will be revised before filing to reflect the same.

10.

Provision of said notice to Defendant Slay complied with O.C.G.A. § 36-11-1 and all other applicable provisions of Georgia law, to the extent such notice was required.

11.

Prior to the filing of this action, Defendant Henry received timely and proper notice of the claims asserted herein.

12.

Provision of said notice to Defendant Henry complied with O.C.G.A. § 36-11-1 and all other applicable provisions of Georgia law, to the extent such notice was required.

13.

This action seeks compensatory damages for the injuries to Plaintiff, as well as, all other damages permitted by law. As such, this Court has jurisdiction over the subject matter of this action.

14.

All claims herein against Defendant Sheriff are intended to assert direct claims of negligence and violations of 42 U.S.C. § 1983 against Defendant Sheriff, as well as, claims for vicarious liability under the doctrine of *respondeat superior* for the negligence and wrongful conduct of Defendant Slay, Defendant Henry, Canine Officer Ian, or any other agent of Fulton County or the Sheriff that caused or contributed to the injuries to Plaintiff set forth herein.

15.

All claims asserted herein against Defendant Slay and Defendant Henry are asserted against said Defendants both in their individual capacities, and/or alternatively in their official capacities as present and/or former employees and deputies for Defendant Sheriff.

## FACTUAL BACKGROUND

16.

Paragraphs (1- 15) above are hereby incorporated as if and re-alleged as if fully set forth herein.

17.

On or about December 4, 2019, Defendant Slay was employed by Defendant Sheriff as a law enforcement officer.

18.

On or about December 4, 2019, Defendant Henry was employed by Defendant Sheriff as a law enforcement officer

19.

On December 4, 2019, Defendant Sheriff owned a law enforcement canine known as "Ian."

20.

Ian was a Belgian Malinois breed of canine.

21.

As a law enforcement canine, Ian was trained as a law enforcement canine to, among other things, physically engage/bite, take down, and apprehend suspected criminals upon appropriate command by his handler.

22.

Ian was trained to maintain his bite until a release command was given by his handler.

23.

Ian was used by Defendant Sheriff and his department to apprehend fleeing criminal suspects by, among other things, pursuing, biting, and detaining such suspects upon demand by

his handler.

24.

On December 4, 2019, and all other times relevant to this action, Defendant Slay was charged with the duties of maintaining, handling, training, and appropriate deployment of Ian for law enforcement purposes.  protecting innocent third parties, such as Plaintiff, from attacks by "Ian."

25.

On December 4, 2019, and all other times relevant to this action, Defendant Henry was Defendant Slay's immediate supervisor. Defendant Henry was charged with the duties of maintaining, handling, training, and appropriate deployment of Ian for law enforcement purposes.

26.

Alternatively, Defendant Sheriff, as the owner of Ian, was charged with the duties of maintaining, handling, training, and appropriate deployment of Ian for law enforcement purposes.

27.

At all times relevant to this action, Defendants knew that Ian had been trained to pursue, engage, bite, take down and/or detain persons.

28.

Defendants knew that, prior to December 4, 2019, Ian had pursued, attacked, bitten, taken down, and/or detained persons.

29.

At all times relevant to this action, Defendants knew that Ian had the strength and ability to subdue an adult through biting or otherwise.

30.

At all times relevant hereto, Defendants knew that a release command was required to instruct Ian to release once he engaged a person.

31.

Upon information and belief, Defendants knew that Ian had previously attacked or bitten, or attempted to attack or bite, or refused to release, third parties absent explicit commands from his handler to do so.

32.

At all times relevant hereto, Defendants knew that Ian's training and strength rendered him such that he could cause significant bodily harm or death to other persons if he attacked a person, whether upon order to do so or otherwise.

33.

At all times relevant hereto, Defendants knew that Ian's training and strength rendered him such that he could cause significant bodily harm or death (1) if he failed to heed a release instruction; (2) if he was not properly given his release instruction; (3) if Ian attack a third party outside of the presence of a person trained to instruct/handle Ian; or (4) if Ian's living environment was changed and not properly inspected.

34.

Defendants knew or should have known that Ian had a propensity to attack third parties.

35.

At all times relevant hereto, it was known, or should have been known, to Defendants that general well-known rules, procedures, and policies applied to the handling, maintenance, and boarding of law enforcement canines such as Ian.

36.

In addition to such generally known and understood policies in the law enforcement profession, Defendant Sheriff had in effect specific policies and procedures regarding the training, maintenance, housing, handling, and boarding of law enforcement canines.

37.

Among other things, standard operating procedures of Defendant Sheriff and/or the Fulton County Sheriff's Department in effect as of December 4, 2019 specifically provided that all canines, such as Ian, must be kenneled at the handler's residence.

38.

Defendant Slay and Defendant Henry knew or should have known of said policies and did not have discretion to deviate from said policies.

39.

Among other things, standard operating procedures of Defendant Sheriff and/or the Fulton County Sheriff's Department in effect as of December 4, 2019 specifically provide that any change in a canine's living environment must immediately be reported and inspected.

40.

Defendant Slay and Defendant Henry knew or should have known of said policies and did not have discretion to deviate from said policies.

41.

Beginning on or about November 30, 2019, Defendant Slay boarded Ian at a civilian veterinary clinic known as "VCA Pets are People Too" (hereinafter referred to as the "Clinic").

42.

Plaintiff was employed at the Clinic.

43.

At no time did Defendant Slay or Defendant Henry properly inspect the canine lodging conditions at the Clinic.

44.

At no time did Defendant Slay or Defendant Henry interview the employees from the Clinic that would be involved in Ian's care during Defendant Slay's absence.

45.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian was an canine capable of unprovoked attack.

46.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian had a prior history of aggression to other persons even in the absence of a command to attack.

47.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian was specifically trained to apprehend and detain persons through biting.

48.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian would not "release" a bite until given the appropriate command.

49.

At no time did any employee of Fulton County or Defendant Sheriff properly inspect the canine lodging and care conditions at the Clinic.

50.

At no time did any employee of Fulton County or Defendant Sheriff interview the

employees from the Clinic that would be involved in Ian's care during Defendant Slay's absence.

51.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian was canine capable of unprovoked attack.

52.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian had a prior history of aggression to other persons even in the absence of a command to attack.

53.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian was specifically trained to apprehend and detain persons through biting.

54.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian would not "release" a bite until given the appropriate command.

55.

Defendants failed to comply with generally accepted polices and rules, as well as, established internal policies and rules in the boarding of Ian at the Clinic, all of which were explicit and mandatory.

56.

On or about December 4, 2019, Plaintiff was attending to her duties at the Clinic, which included equipping Ian with an identification tag.

57.

At all times hereto, Plaintiff exercised due care and caution for her own safety.

58.

At no time did Plaintiff provoke Ian to attack, nor did she order Ian to attack.

59.

Unfortunately, as Plaintiff was applying Ian's name tag, Ian viciously attacked Plaintiff, biting her face and arm, and pinning her to the ground.

60.

Plaintiff was not aware of Ian's release command and physically fought for her life in an effort to cause Ian to release his bite.

61.

Ian engaged in a prolonged and vicious attack on Plaintiff, causing her to experience devastating and permanent injuries to her face, arm, and emotional well-being—among other things.

62.

Following Ian's attack, Plaintiff received extensive medical treatment from numerous providers.

63.

Despite her diligence in pursuing and compliance with her medical care, Plaintiff's injuries will never completely heal.

64.

She has been left with permanent scarring, pain, and impaired range of motion due to the attack.

65.

All of Plaintiff's injuries would have been avoided but Defendants' violation of Plaintiff's

constitutional protected rights and wrongful/negligent acts in failing to comply with established policies and to exercise due care for the safety and well-being of others.

66.

To the extent applicable, Defendants have waived immunity, whether qualified or sovereign immunity, by virtue of the acts, including the intentional and willful acts in violation of Plaintiff's constitutional rights, set forth herein.

## COUNT I

### NEGLIGENCE PERFORMANCE OF MINISTERIAL DUTY

67.

Paragraphs (1- 66) above are hereby incorporated as if and re-alleged as if fully set forth herein.

68.

Defendants owed a duty to Plaintiff, and the general public, to exercise reasonable care in the use, maintenance, and care of Ian.

69.

Defendants owed a duty of care to Plaintiff, and the general public, to implement and follow appropriate polices and procedures to insure the safety of Ian, as well as, that of non-handler persons who may be in contact with Ian.

70.

Defendants were aware that Ian had been trained to attack and subdue person through biting or otherwise.

71.

Defendants knew, based upon Ian's training and past conduct, that he had a propensity to

bite or attack non-handler persons, whether on command or otherwise.

72.

Defendants knew that Ian, based upon his training, strength, and past conduct, could cause significant bodily injury to persons he bit or attacked.

73.

Defendants knew that it was important that Ian be housed in a familiar and safe atmosphere, and only be exposed to persons with whom he was comfortable and who were familiar with Ian, his propensities, and his commands.

74.

The applicable standard operating procedures of Defendant Sheriff, including the procedure requiring that Ian be housed at his handler's home, were mandatory and designed to protect both Ian and third parties with whom he came in contact from injury.

75.

This policy is simple, absolute, and definite, arising under conditions admitted or to be proven to exist, and requires mere execution of a specific duty.

76.

The policy did not provide an exception for veterinary care or boarding.

77.

Defendants were aware that a failure to follow such policies and procedures could result in significant bodily harm to persons such as Plaintiff.

76.

Nevertheless, Defendants breached their duties to Plaintiff by negligently failing to comply with explicit operating procedures of Defendant Sheriff, as well as, other policies and procedures

generally known within the law enforcement profession regarding canine care and safety, or were otherwise negligent, in, among other things, allowing Ian to be boarded at the Clinic, failing to warn Plaintiff and others of Ian's propensities, failing to provide appropriate protective equipment and instruction to the Clinic and its personnel, failing to provide a release command in the event Ian attacked, and owning/keeping a vicious or dangerous animal with a known history of causing injuries to other persons.

77.

As a direct a proximate result of such negligence, Plaintiff was brutally attacked by Ian.

78.

As a result, Plaintiff suffered severe, debilitating, and permanent injuries and scarring, has incurred medical expenses, has lost wages, and has lost capacity to earn wages.

79.

At all times hereto, Plaintiff exercised reasonable care for her own safety and well being and, in no manner, negligently caused or contributed to her injuries.

80.

All Defendants are directly liable as a result of the forgoing acts of negligence in an amount to be proven at trial.  Furthermore, Defendant Sheriff is vicariously liable, under the doctrine of respondeat superior, for the negligent acts and omissions of its agents, including Ian, Defendant Slay, and Defendant Henry.

**COUNT II**

**CLAIM UNDER 42 U.S.C. § 1983**

81.

Paragraphs (1- 80) above are hereby incorporated as if and re-alleged as if fully set forth

herein.

82.

At all times relevant hereto, Defendants acted under the color of state law.

83.

While acting under the color of state law within the meaning of 42 U.S.C. § 1983, Defendants caused or permitted canine officer Ian to seize, attack, and injure Plaintiff, an innocent bystander.  In doing so, Defendants violated the rights bestowed upon Plaintiff under the United States Constitution in violation of 42 U.S.C. §1983.

84.

The forgoing acts of Defendants were committed with malice or reckless indifference to Plaintiff's constitutional rights.

85.

As a result of Defendants' conduct and the aforementioned violations of Plaintiff's Constitutional rights, Plaintiff has been caused to suffer physical and emotional injuries and damages, and has been caused to incur medical bills and other expenses in an amount to be proven at trial.

## COUNT III

### 1983 CLAIM – EXCESSIVE FORCE

86.

Paragraphs (1- 85) above are hereby incorporated as if and re-alleged as if fully set forth herein.

87.

Defendants and their canine officer, Ian, while acting under the color of state law within

the meaning of 42 U.S.C. § 1983, caused or with reckless indifference permitted Ian to brutally attack Plaintiff, thereby depriving Ms. Plaintiff of her rights under, among other provisions, the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, Defendants violated Plaintiff's right to be free from excessive force.

88.

Defendants acted with malice or reckless indifference to Plaintiff's constitutional rights.

89.

As a result of Defendants' conduct, Plaintiff has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses in an amount to be proven at trial.

**COUNT IV**

<u>**ATTORNEY'S FEES AND COSTS**</u>

90.

Paragraphs (1- 89) above are hereby incorporated as if and re-alleged as if fully set forth herein.

91.

Defendants acted in bad faith with regard to the transactions out of which the causes of action asserted herein arise.

92.

No bona fide controversy exists with respect to the liability of one or more Defendants.

93.

No bona fide controversy exists with regard to Plaintiffs' entitlement to relief pursuant to the substantive causes of actions set forth herein.

94.

Defendants have been stubbornly litigious and have forced Plaintiff to endure the unnecessary trouble and expense of pursing this action to obtain the relief to which Plaintiff is undisputedly entitled.

95.

Pursuant to O.C.G.A. § 13-6-11, Plaintiff is therefore entitled to recover expenses and attorney's fees incurred in the prosecution of this action in an amount to be proven at trial.

WHEREFORE, Plaintiff Isabelle Mazurkiewicz respectfully prays for the following:

(a) Summons be issued and copy of this Complaint and Process be served upon Defendants as provided by law;

(b) She be awarded a judgment against Defendants, jointly and severally, for her injuries, medical bills, pain, suffering, disfigurement, lost wages, and lost capacity to labor in an amount shown at trial and determined by the enlightened conscious of a fair and impartial jury;

(c) She be awarded the costs of this action;

(d) That this matter be tried by a jury of no less than twelve impartial persons; and

(e) She be awarded such further relief as this Court may deem just and proper.

**Submitted this <u>X</u> day of _____, 202__.**

**[*Signatures on following page*]**

**COLEMAN TALLEY LLP**

109 S. Ashley Street
Valdosta, Georgia 31601
T:  (229) 242-7562
F:  (229) 333-0885
beau.howell@colemantalley.com
tim.tanner@colemantalley.com
kayla.barnes@colemantalley.com

*/s/ A.A. Howell, IV*
A.A. HOWELL, IV
Georgia Bar No. 689955
TIMOTHY M. TANNER
Georgia Bar No. 697683
KAYLA H. BARNES
Georgia Bar No. 301948

⚓ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**
**Robert L. Mack**
**FEB 17, 2022 09:54 AM**

Jacqueline D. Wills, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 2021 CV02172 -11 |
| v. | ) | |
| | ) | |
| FULTON COUNTY, GA, and | ) | |
| CODY SLAY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF SUBSTITUTION OF COUNSEL</u>

COME NOW Karen E. Woodward and Marisa M. Beller of the law firm of Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, and, pursuant to Uniform Superior Court Rule 4.3, file this Notice of Entry of Appearance and Substitution of Counsel, showing the Court as follows:

1.

Attorneys KAYE W. BURWELL, STEVEN ROSENBERG and EMILIE O. DENMARK of the OFFICE OF THE FULTON COUNTY ATTORNEY hereby withdraw as counsel of record for Defendant Cody Slay.

2.

Attorneys KAREN E. WOODWARD and MARISA M. BELLER of the firm Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, hereby enter their appearance as counsel of record for Defendant Cody Slay in the above-styled civil action. Undersigned Counsel requests that they be copied on all court filings, pleadings, notices, orders, and other documents regarding the above captioned case. All pleadings, notices, orders and other pleadings required to be served on Defendant Cody Slay shall be directed to:

{SECURE Firm/163/00003/DRAFTS/03426333.DOCX }

Karen E. Woodward
Marisa Beller
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP
Meridian II, Suite 2000
275 Scientific Drive
Norcross, Georgia  30092
(404) 881-2623 (Woodward)
(678) 684-2147 (Beller)
kwoodward@cmlawfirm.com
mbeller@cmlawfirm.com

Defendant Cody Slay has signed this notice, below.

The date of any scheduled proceedings, including trial, will not be affected by the substitution of counsel.

This 17th day of February, 2022.


Withdrawing Attorneys:

**OFFICE OF THE FULTON COUNTY ATTORNEY**


Steven Rosenberg
Deputy County Attorney
Georgia Bar No. 614560
Steven.Rosenberg@fultoncountyga.gov

Emilie O. Denmark
Assistant County Attorney
Georgia Bar No. 185110
Emilie.Denmark@fultoncountyga.gov

*/s/ Kaye Woodard Burwell*
Kaye W. Burwell
Deputy County Attorney
Georgia Bar No. 775060
Kaye.Burwell@fultoncountyga.gov
141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Fax)


*[signatures continue on next page]*

**Consent of Defendant:**

_____

Cody Slay

Address: 185 Centra Ave., SW, Atanta, GA 30303

Phone number:  404-612-5105

Date: 02/16/2022

**New Attorneys:**
Meridian II, Suite 2000
275 Scientific Drive
Norcross, Georgia 30092

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

By:   _/s/ Karen E. Woodward_
        Karen E. Woodward
        Georgia Bar No. 775260
        Email:kwoodward@cmlawfirm.com
        Direct Dial:  404-881-2623


        _/s/ Marisa Beller_
        Marisa Beller
        Georgia Bar No. 845893
        Email: mbeller@cmlawfirm.com
        Direct Dial: 678-684-2147

{SECURE Firm/163/00003/DRAFTS/03426333.DOCX }

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed this ***NOTICE OF SUBSTITUTION***

***OF COUNSEL*** with the Clerk of Court via the PeachCourt file and serve system which will

automatically serve a copy of same upon the following counsel of record:

Kaye W. Burwell
Deputy County Attorney
Kaye.burwell@fultoncountyga.gov

Steven Rosenberg
Deputy County Attorney
Steven.rosenberg@fultoncountyga.gov

William K. Scott
Assistant County Attorney
William.scott@fultoncountyga.gov

A.A. Howell, IV
Timothy M. Tanner
Kayla H. Barnes
**COLEMAN TALLEY LLP**
109 S. Ashley Street
Valdosta, Georgia 31601
beau.howell@colemantalley.com
tim.tanner@colemantalley.com

This 17th day of February, 2022.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

Robert L. Mack
MAR 09, 2022 11:28 AM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 2021CV02172 |
| v. | ) | |
| | ) | |
| FULTON COUNTY, GA, and | ) | |
| CODY SLAY, | ) | |
| | ) | |
| Defendants | ) | |

**<u>NOTICE OF ENTRY OF APPEARANCE</u>**

COME NOW MARISA M. BELLER and KAREN E. WOODWARD of the law firm of

CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP and hereby enter an

appearance as additional counsel for Defendant Cody Slay.  The undersigned request that they be

copied on all court filings, notices, orders, etc. regarding the above-styled action.  All pleadings,

notices, orders and other documents required to be served shall be directed to:

*Marisa M. Beller.*
*Karen E. Woodward*
*CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP*
*Meridian II, Suite 2000*
*275 Scientific Drive*
*Peachtree Corners, GA 30092*
[mbeller@cmlawfirm.com](mailto:mbeller@cmlawfirm.com)
[kwoodward@cmlawfirm.com](mailto:kwoodward@cmlawfirm.com)

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted, this 9th day of March, 2022.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed this **_NOTICE OF ENTRY OF_** **_APPEARANCE_** with the Clerk of Court via the PeachCourt file and serve system which will automatically serve a copy of same upon the following counsel of record:

A.A. Howell, IV
Timothy M. Tanner
Kayla H. Barnes
**COLEMAN TALLEY LLP**
109 S. Ashley Street
Valdosta, Georgia 31601
beau.howell@colemantalley.com
tim.tanner@colemantalley.com

This 9th day of March, 2022.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

_/s/ Marisa M. Beller_
Marisa M. Beller
Georgia Bar No. 845893

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

Robert L. Mack
**MAR 16, 2022 08:06 PM**

Jacquline D. Wills, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| vs. | ) | 2021CV-02172-11 |
| | ) | |
| FULTON COUNTY, GEORGIA, and | ) | |
| CODY SLAY, | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have filed this ***CERTIFICATE OF SERVICE*** of the following:

1. *Defendant Slay's Responses and Objections to Plaintiff's First Continuing Request for Production of Documents*; and

2. *Defendant Slay's Responses and Objections to Plaintiff's Continuing Interrogatories*

with the Clerk of Court via the PeachCourt file and serve system, which will serve an electronic copy of same to following attorneys of record:

A.A. Howell, IV
Timothy M. Tanner
Kayla H. Barnes
**COLEMAN TALLEY LLP**
109 S. Ashley Street
Valdosta, Georgia 31601
beau.howell@colemantalley.com
tim.tanner@colemantalley.com
kayla.barnes@colemantalley.com

*(Attorneys for Plaintiff)*

I FURTHER CERTIFY that I served a copy of the above-referenced pleadings to all parties to this matter via E-mail, addressed to counsel of record listed above.

*[signatures on next page]*

{SECURE Firm/163/00003/DRAFTS/03467868.DOCX }

Respectfully submitted this 16th day of March, 2022.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260
Email:  kwoodward@cmlawfirm.com
Direct Dial:  404-881-2623

*/s/ Marisa M. Beller*
Marisa M. Beller
Georgia Bar No. 845893
Email: mbeller@cmlawfirm.com
Direct Dial: 678-684-2147

*Attorneys for Defendant*
*Cody Slay*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**
Robert L. Mack
MAR 24, 2022 05:06 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ISABELLE MAZURKIEWICZ | |
| Plaintiff, | |
| vs. | CIVIL ACTION |
| | Case No. 2021CV02172-11 |
| FULTON COUNTY, GEORGIA, CODY SLAY, COREY HENRY, and SHERIFF PATRICK LABAT, in his official capacity, | |
| Defendants. | |

## FIRST AMENDED COMPLAINT FOR DAMAGES

Comes Now Isabelle Mazurkiewicz, Plaintiff in the above-captioned action, and files her

First Amended Complaint for Damages showing this Court as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1.

Isabelle Mazurkiewicz, who is *sui juris*, is a resident of the State of Georgia.

2.

Upon information and belief, Defendant Cody Slay (Defendant "Slay") is a resident of

Clayton County, Georgia.  Defendant Slay may be personally served with process in this action at

or about 4248 Cottage Lane, Conley, Clayton County, Georgia.

3.

Upon information and belief, Defendant Corey Henry (Defendant "Henry") is a resident of

Rockdale County, Georgia. Upon information and belief, Defendant Henry may be personally

served with process in this action at 20841 Weatherstone Cir. SE, Conyers, GA 30094.[1]

4.

Defendant Sheriff Patrick Labat (Defendant "Sheriff") is the acting sheriff of Fulton, County Georgia. The instant suit is being brought against Sheriff Patrick Labat in his official capacity only. Sheriff Patrick Labat may be served at 185 Central Ave, SW, Atlanta, GA 30303.

5.

Defendants are subject to personal jurisdiction in this Court.

6.

The claims set forth herein seek, among other things, to recover damages as a result of the joint negligence and wrongful conduct of Defendants.  As a result, venue is proper in this Court pursuant to Article 6, Section 2, Paragraph IV of the Constitution of the State of Georgia.

7.

Prior to the filing of this action, Defendant Sheriff received timely and proper notice of the claims asserted herein.

8.

Provision of said notice to Defendant Sheriff complied with O.C.G.A. § 36-11-1 and all other applicable provisions of Georgia law, to the extent such notice was required.

9.

Prior to the filing of this action, Defendant Slay received timely and proper notice of the claims asserted herein.

---

[1] This is the latest address Plaintiff's Counsel has for Corey Henry. In the event Counsel receives updated information regarding Corey Henry's address, this proposed Amended Complaint will be revised before filing to reflect the same.

10.

Provision of said notice to Defendant Slay complied with O.C.G.A. § 36-11-1 and all other applicable provisions of Georgia law, to the extent such notice was required.

11.

Prior to the filing of this action, Defendant Henry received timely and proper notice of the claims asserted herein.

12.

Provision of said notice to Defendant Henry complied with O.C.G.A. § 36-11-1 and all other applicable provisions of Georgia law, to the extent such notice was required.

13.

This action seeks compensatory damages for the injuries to Plaintiff, as well as, all other damages permitted by law. As such, this Court has jurisdiction over the subject matter of this action.

14.

All claims herein against Defendant Sheriff are intended to assert direct claims of negligence and violations of 42 U.S.C. § 1983 against Defendant Sheriff, as well as, claims for vicarious liability under the doctrine of *respondeat superior* for the negligence and wrongful conduct of Defendant Slay, Defendant Henry, Canine Officer Ian, or any other agent of Fulton County or the Sheriff that caused or contributed to the injuries to Plaintiff set forth herein.

15.

All claims asserted herein against Defendant Slay and Defendant Henry are asserted against said Defendants both in their individual capacities, and/or alternatively in their official capacities as present and/or former employees and deputies for Defendant Sheriff.

## FACTUAL BACKGROUND

16.

Paragraphs (1- 15) above are hereby incorporated as if and re-alleged as if fully set forth herein.

17.

On or about December 4, 2019, Defendant Slay was employed by Defendant Sheriff as a law enforcement officer.

18.

On or about December 4, 2019, Defendant Henry was employed by Defendant Sheriff as a law enforcement officer

19.

On December 4, 2019, Defendant Sheriff owned a law enforcement canine known as "Ian."

20.

Ian was a Belgian Malinois breed of canine.

21.

As a law enforcement canine, Ian was trained as a law enforcement canine to, among other things, physically engage/bite, take down, and apprehend suspected criminals upon appropriate command by his handler.

22.

Ian was trained to maintain his bite until a release command was given by his handler.

23.

Ian was used by Defendant Sheriff and his department to apprehend fleeing criminal suspects by, among other things, pursuing, biting, and detaining such suspects upon demand by

his handler.

24.

On December 4, 2019, and all other times relevant to this action, Defendant Slay was charged with the duties of maintaining, handling, training, and appropriate deployment of Ian for law enforcement purposes.  protecting innocent third parties, such as Plaintiff, from attacks by "Ian."

25.

On December 4, 2019, and all other times relevant to this action, Defendant Henry was Defendant Slay's immediate supervisor. Defendant Henry was charged with the duties of maintaining, handling, training, and appropriate deployment of Ian for law enforcement purposes.

26.

Alternatively, Defendant Sheriff, as the owner of Ian, was charged with the duties of maintaining, handling, training, and appropriate deployment of Ian for law enforcement purposes.

27.

At all times relevant to this action, Defendants knew that Ian had been trained to pursue, engage, bite, take down and/or detain persons.

28.

Defendants knew that, prior to December 4, 2019, Ian had pursued, attacked, bitten, taken down, and/or detained persons.

29.

At all times relevant to this action, Defendants knew that Ian had the strength and ability to subdue an adult through biting or otherwise.

30.

At all times relevant hereto, Defendants knew that a release command was required to instruct Ian to release once he engaged a person.

31.

Upon information and belief, Defendants knew that Ian had previously attacked or bitten, or attempted to attack or bite, or refused to release, third parties absent explicit commands from his handler to do so.

32.

At all times relevant hereto, Defendants knew that Ian's training and strength rendered him such that he could cause significant bodily harm or death to other persons if he attacked a person, whether upon order to do so or otherwise.

33.

At all times relevant hereto, Defendants knew that Ian's training and strength rendered him such that he could cause significant bodily harm or death (1) if he failed to heed a release instruction; (2) if he was not properly given his release instruction; (3) if Ian attack a third party outside of the presence of a person trained to instruct/handle Ian; or (4) if Ian's living environment was changed and not properly inspected.

34.

Defendants knew or should have known that Ian had a propensity to attack third parties.

35.

At all times relevant hereto, it was known, or should have been known, to Defendants that general well-known rules, procedures, and policies applied to the handling, maintenance, and boarding of law enforcement canines such as Ian.

36.

In addition to such generally known and understood policies in the law enforcement profession, Defendant Sheriff had in effect specific policies and procedures regarding the training, maintenance, housing, handling, and boarding of law enforcement canines.

37.

Among other things, standard operating procedures of Defendant Sheriff and/or the Fulton County Sheriff's Department in effect as of December 4, 2019 specifically provided that all canines, such as Ian, must be kenneled at the handler's residence.

38.

Defendant Slay and Defendant Henry knew or should have known of said policies and did not have discretion to deviate from said policies.

39.

Among other things, standard operating procedures of Defendant Sheriff and/or the Fulton County Sheriff's Department in effect as of December 4, 2019 specifically provide that any change in a canine's living environment must immediately be reported and inspected.

40.

Defendant Slay and Defendant Henry knew or should have known of said policies and did not have discretion to deviate from said policies.

41.

Beginning on or about November 30, 2019, Defendant Slay boarded Ian at a civilian veterinary clinic known as "VCA Pets are People Too" (hereinafter referred to as the "Clinic").

42.

Plaintiff was employed at the Clinic.

43.

At no time did Defendant Slay or Defendant Henry properly inspect the canine lodging conditions at the Clinic.

44.

At no time did Defendant Slay or Defendant Henry interview the employees from the Clinic that would be involved in Ian's care during Defendant Slay's absence.

45.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian was an canine capable of unprovoked attack.

46.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian had a prior history of aggression to other persons even in the absence of a command to attack.

47.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian was specifically trained to apprehend and detain persons through biting.

48.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian would not "release" a bite until given the appropriate command.

49.

At no time did any employee of Fulton County or Defendant Sheriff properly inspect the canine lodging and care conditions at the Clinic.

50.

At no time did any employee of Fulton County or Defendant Sheriff interview the

employees from the Clinic that would be involved in Ian's care during Defendant Slay's absence.

51.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian was canine capable of unprovoked attack.

52.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian had a prior history of aggression to other persons even in the absence of a command to attack.

53.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian was specifically trained to apprehend and detain persons through biting.

54.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian would not "release" a bite until given the appropriate command.

55.

Defendants failed to comply with generally accepted polices and rules, as well as, established internal policies and rules in the boarding of Ian at the Clinic, all of which were explicit and mandatory.

56.

On or about December 4, 2019, Plaintiff was attending to her duties at the Clinic, which included equipping Ian with an identification tag.

57.

At all times hereto, Plaintiff exercised due care and caution for her own safety.

58.

At no time did Plaintiff provoke Ian to attack, nor did she order Ian to attack.

59.

Unfortunately, as Plaintiff was applying Ian's name tag, Ian viciously attacked Plaintiff, biting her face and arm, and pinning her to the ground.

60.

Plaintiff was not aware of Ian's release command and physically fought for her life in an effort to cause Ian to release his bite.

61.

Ian engaged in a prolonged and vicious attack on Plaintiff, causing her to experience devastating and permanent injuries to her face, arm, and emotional well-being—among other things.

62.

Following Ian's attack, Plaintiff received extensive medical treatment from numerous providers.

63.

Despite her diligence in pursuing and compliance with her medical care, Plaintiff's injuries will never completely heal.

64.

She has been left with permanent scarring, pain, and impaired range of motion due to the attack.

65.

All of Plaintiff's injuries would have been avoided but Defendants' violation of Plaintiff's

constitutional protected rights and wrongful/negligent acts in failing to comply with established policies and to exercise due care for the safety and well-being of others.

66.

To the extent applicable, Defendants have waived immunity, whether qualified or sovereign immunity, by virtue of the acts, including the intentional and willful acts in violation of Plaintiff's constitutional rights, set forth herein.

## COUNT I

### NEGLIGENCE PERFORMANCE OF MINISTERIAL DUTY

67.

Paragraphs (1- 66) above are hereby incorporated as if and re-alleged as if fully set forth herein.

68.

Defendants owed a duty to Plaintiff, and the general public, to exercise reasonable care in the use, maintenance, and care of Ian.

69.

Defendants owed a duty of care to Plaintiff, and the general public, to implement and follow appropriate polices and procedures to insure the safety of Ian, as well as, that of non-handler persons who may be in contact with Ian.

70.

Defendants were aware that Ian had been trained to attack and subdue person through biting or otherwise.

71.

Defendants knew, based upon Ian's training and past conduct, that he had a propensity to

bite or attack non-handler persons, whether on command or otherwise.

72.

Defendants knew that Ian, based upon his training, strength, and past conduct, could cause significant bodily injury to persons he bit or attacked.

73.

Defendants knew that it was important that Ian be housed in a familiar and safe atmosphere, and only be exposed to persons with whom he was comfortable and who were familiar with Ian, his propensities, and his commands.

74.

The applicable standard operating procedures of Defendant Sheriff, including the procedure requiring that Ian be housed at his handler's home, were mandatory and designed to protect both Ian and third parties with whom he came in contact from injury.

75.

This policy is simple, absolute, and definite, arising under conditions admitted or to be proven to exist, and requires mere execution of a specific duty.

76.

The policy did not provide an exception for veterinary care or boarding.

77.

Defendants were aware that a failure to follow such policies and procedures could result in significant bodily harm to persons such as Plaintiff.

76.

Nevertheless, Defendants breached their duties to Plaintiff by negligently failing to comply with explicit operating procedures of Defendant Sheriff, as well as, other policies and procedures

generally known within the law enforcement profession regarding canine care and safety, or were otherwise negligent, in, among other things, allowing Ian to be boarded at the Clinic, failing to warn Plaintiff and others of Ian's propensities, failing to provide appropriate protective equipment and instruction to the Clinic and its personnel, failing to provide a release command in the event Ian attacked, and owning/keeping a vicious or dangerous animal with a known history of causing injuries to other persons.

77.

As a direct a proximate result of such negligence, Plaintiff was brutally attacked by Ian.

78.

As a result, Plaintiff suffered severe, debilitating, and permanent injuries and scarring, has incurred medical expenses, has lost wages, and has lost capacity to earn wages.

79.

At all times hereto, Plaintiff exercised reasonable care for her own safety and well being and, in no manner, negligently caused or contributed to her injuries.

80.

All Defendants are directly liable as a result of the forgoing acts of negligence in an amount to be proven at trial.  Furthermore, Defendant Sheriff is vicariously liable, under the doctrine of respondeat superior, for the negligent acts and omissions of its agents, including Ian, Defendant Slay, and Defendant Henry.

## COUNT II

### CLAIM UNDER 42 U.S.C. § 1983

81.

Paragraphs (1- 80) above are hereby incorporated as if and re-alleged as if fully set forth

herein.

82.

At all times relevant hereto, Defendants acted under the color of state law.

83.

While acting under the color of state law within the meaning of 42 U.S.C. § 1983, Defendants caused or permitted canine officer Ian to seize, attack, and injure Plaintiff, an innocent bystander.  In doing so, Defendants violated the rights bestowed upon Plaintiff under the United States Constitution in violation of 42 U.S.C. §1983.

84.

The forgoing acts of Defendants were committed with malice or reckless indifference to Plaintiff's constitutional rights.

85.

As a result of Defendants' conduct and the aforementioned violations of Plaintiff's Constitutional rights, Plaintiff has been caused to suffer physical and emotional injuries and damages, and has been caused to incur medical bills and other expenses in an amount to be proven at trial.

## COUNT III

### 1983 CLAIM – EXCESSIVE FORCE

86.

Paragraphs (1- 85) above are hereby incorporated as if and re-alleged as if fully set forth herein.

87.

Defendants and their canine officer, Ian, while acting under the color of state law within

the meaning of 42 U.S.C. § 1983, caused or with reckless indifference permitted Ian to brutally

attack Plaintiff, thereby depriving Ms. Plaintiff of her rights under, among other provisions, the

Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42

U.S.C. § 1983. Specifically, Defendants violated Plaintiff's right to be free from excessive force.

88.

Defendants acted with malice or reckless indifference to Plaintiff's constitutional rights.

89.

As a result of Defendants' conduct, Plaintiff has been caused to suffer physical and

emotional injuries and damages and has been caused to incur medical bills and other expenses in

an amount to be proven at trial.

**COUNT IV**

**ATTORNEY'S FEES AND COSTS**

90.

Paragraphs (1- 89) above are hereby incorporated as if and re-alleged as if fully set forth

herein.

91.

Defendants acted in bad faith with regard to the transactions out of which the causes of

action asserted herein arise.

92.

No bona fide controversy exists with respect to the liability of one or more Defendants.

93.

No bona fide controversy exists with regard to Plaintiffs' entitlement to relief pursuant to

the substantive causes of actions set forth herein.

94.

Defendants have been stubbornly litigious and have forced Plaintiff to endure the unnecessary trouble and expense of pursing this action to obtain the relief to which Plaintiff is undisputedly entitled.

95.

Pursuant to O.C.G.A. § 13-6-11, Plaintiff is therefore entitled to recover expenses and attorney's fees incurred in the prosecution of this action in an amount to be proven at trial.

WHEREFORE, Plaintiff Isabelle Mazurkiewicz respectfully prays for the following:

(a) Summons be issued and copy of this Complaint and Process be served upon Defendants as provided by law;

(b) She be awarded a judgment against Defendants, jointly and severally, for her injuries, medical bills, pain, suffering, disfigurement, lost wages, and lost capacity to labor in an amount shown at trial and determined by the enlightened conscious of a fair and impartial jury;

(c) She be awarded the costs of this action;

(d) That this matter be tried by a jury of no less than twelve impartial persons; and

(e) She be awarded such further relief as this Court may deem just and proper.

Submitted this 24th day of March, 2022.

**COLEMAN TALLEY LLP**

109 S. Ashley Street                          */s/ A.A. Howell, IV*
Valdosta, Georgia 31601                  A.A. HOWELL, IV
T:  (229) 242-7562                            Georgia Bar No. 689955
F:  (229) 333-0885                             TIMOTHY M. TANNER
beau.howell@colemantalley.com     Georgia Bar No. 697683
tim.tanner@colemantalley.com        KAYLA H. BARNES
kayla.barnes@colemantalley.com     Georgia Bar No. 301948

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ISABELLE MAZURKIEWICZ | |
|     Plaintiff, | |
| vs. | CIVIL ACTION |
| FULTON COUNTY, GEORGIA, CODY SLAY, COREY HENRY, and SHERIFF PATRICK LABAT, in his official capacity, | Case No. 2021CV02172-11 |
|     Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the forgoing *FIRST AMENDED COMPLAINT FOR DAMAGES* by mailing the same to the following:

Office of the Fulton County Attorney
Kaye W. Burwell
Steven Rosenberg
Dominique Martinez
Emilie Denmark
141 Pryor Street, SW
Suite 4038

This 24th day of March, 2022.

/s/A.A. Howell, IV
A.A. Howell, IV

# SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

✦ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**
Robert L. Mack
MAR 24, 2022 05:06 PM

Jacquline D. Wills, Clerk
Clayton County, Georgia

CIVIL ACTION NUMBER   2021CV02172-11

Mazurkiewicz, Isabelle
_____

**PLAINTIFF**

**VS.**

Slay, Cody
Fulton County, Georgia
Henry, Corey
Labat, in his official capacity as Sheriff of
Fulton County, Patrick
_____

**DEFENDANTS**

**SUMMONS**

TO: HENRY, COREY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**A.A. Howell**
**Coleman Talley, LLP**
**P.O. Box 5437**
**Valdosta, Georgia 31603-5437**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 24th day of March, 2022.**

Clerk of Superior Court

_____
Jacquline D. Wills, Clerk
Clayton County, Georgia

Page 1 of 1

# SUPERIOR COURT OF CLAYTON COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

Robert L. Mack
MAR 24, 2022 05:06 PM

Jacquline D. Wills, Clerk
Clayton County, Georgia

CIVIL ACTION NUMBER   2021CV02172-11

Mazurkiewicz, Isabelle

_____

**PLAINTIFF**

**VS.**

Slay, Cody
Fulton County, Georgia
Henry, Corey
Labat, in his official capacity as Sheriff of
Fulton County, Patrick

_____

**DEFENDANTS**

**SUMMONS**

TO: LABAT, IN HIS OFFICIAL CAPACITY AS SHERIFF OF FULTON COUNTY,
PATRICK

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **A.A. Howell**
> **Coleman Talley, LLP**
> **P.O. Box 5437**
> **Valdosta, Georgia 31603-5437**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 24th day of March, 2022.**

Clerk of Superior Court

_____

Jacquline D. Wills, Clerk
Clayton County, Georgia

Page 1 of 1

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. **2021CV02172-11**

Date Filed **03/24/22 05:06 PM**

Attorney's Address **Howell , A.A.**
**Coleman Talley, LLP**
**P.O. Box 5437**
**Valdosta, GEORGIA 31603-5437**

Name and Address of Party to be Served.
**Henry, Corey**

**20841 Weatherstone Cir. SE**

**Conyers, GEORGIA 30094**

| Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, _____**CLAYTON**_____COUNTY

Mazurkiewicz, Isabelle

_____
Plaintiff

VS.

Slay, Cody ; Fulton County, Georgia ; Henry, Corey; Labat,

in his official capacity as Sheriff of Fulton County, Patrick
Defendant

_____

_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant_____a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _____day of _____, 20_____

_____
Deputy

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____ **2021CV02172-11** _____

Date Filed _____ **03/24/22 05:06 PM** _____

Attorney's Address    **Howell , A.A.**
**Coleman Talley, LLP**
**P.O. Box 5437**
**Valdosta, GEORGIA 31603-5437**

Name and Address of Party to be Served.
**Henry,  Corey**

**20841 Weatherstone Cir. SE**

**Conyers, GEORGIA 30094**

Superior Court ☒    Magistrate Court ☐
State Court ☐    Probate Court ☐
Juvenile Court ☐

Georgia, _____ **CLAYTON** _____ COUNTY

Mazurkiewicz, Isabelle

_____
Plaintiff

VS.

Slay, Cody ; Fulton County, Georgia ; Henry, Corey; Labat,

in his official capacity as Sheriff of Fulton County, Patrick

_____
Defendant

_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant_____by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows: age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this court.

This _____day of _____, 20_____

_____
Deputy

# SUPERIOR COURT OF CLAYTON COUNTY
# STATE OF GEORGIA

⚡ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

Robert L. Mack
**MAR 24, 2022 05:06 PM**

Jacquline D. Wills, Clerk
Clayton County, Georgia

CIVIL ACTION NUMBER  2021CV02172-11

Mazurkiewicz, Isabelle

_____

**PLAINTIFF**

                                         **VS.**

Slay, Cody
Fulton County, Georgia
Henry, Corey
Labat, in his official capacity as Sheriff of
Fulton County, Patrick

_____

**DEFENDANTS**

## SUMMONS

TO: HENRY, COREY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **A.A. Howell**
> **Coleman Talley, LLP**
> **P.O. Box 5437**
> **Valdosta, Georgia 31603-5437**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 24th day of March, 2022.**

Clerk of Superior Court

_____

Jacquline D. Wills, Clerk
Clayton County, Georgia

# SUPERIOR COURT OF CLAYTON COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

Robert L. Mack
MAR 24, 2022 05:06 PM

Jacquline D. Wills, Clerk
Clayton County, Georgia

CIVIL ACTION NUMBER  2021CV02172-11

Mazurkiewicz, Isabelle

_____

**PLAINTIFF**

**VS.**

Slay, Cody
Fulton County, Georgia
Henry, Corey
Labat, in his official capacity as Sheriff of
Fulton County, Patrick

_____

**DEFENDANTS**

### SUMMONS

TO: LABAT, IN HIS OFFICIAL CAPACITY AS SHERIFF OF FULTON COUNTY, PATRICK

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **A.A. Howell**
> **Coleman Talley, LLP**
> **P.O. Box 5437**
> **Valdosta, Georgia 31603-5437**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 24th day of March, 2022.**

Clerk of Superior Court

_____

Jacquline D. Wills, Clerk
Clayton County, Georgia

Page 1 of 1

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**Robert L. Mack**
**APR 21, 2022 10:06 AM**

Jacquline D. Wills, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| vs. | ) | 2021CV02172-11 |
| | ) | |
| FULTON COUNTY, GEORGIA | ) | |
| CODY SLAY, | ) | |
| COREY HENRY in his official and | ) | |
| individual capacities, and | ) | |
| SHERIFF PATRICK LABAT, | ) | |
| in his official capacity, | ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |

## NOTICE OF ENTRY OF APPEARANCE

COME NOW MARISA M. BELLER and KAREN E. WOODWARD of the law firm of CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP and hereby enter an appearance as additional counsel for Defendant Fulton County, Georgia. The undersigned request that they be copied on all court filings, notices, orders, etc. regarding the above-styled action. All pleadings, notices, orders and other documents required to be served shall be directed to:

*Marisa M. Beller.*
*Karen E. Woodward*
*CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP*
*Meridian II, Suite 2000*
*275 Scientific Drive*
*Peachtree Corners, GA 30092*
mbeller@cmlawfirm.com
kwoodward@cmlawfirm.com

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted, this 21st day of April, 2022.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260
Email:  kwoodward@cmlawfirm.com
Direct Dial:  404-881-2623

*/s/ Marisa M. Beller*
Marisa M. Beller
Georgia Bar No. 845893
Email: mbeller@cmlawfirm.com
Direct Dial: 678-684-2147

*Attorneys for Defendant*
*Defendant Fulton County, Georgia*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed this **_NOTICE OF ENTRY OF_**
**_APPEARANCE_** with the Clerk of Court via the PeachCourt file and serve system which will
automatically serve a copy of same upon the following counsel of record:

A.A. Howell, IV
Timothy M. Tanner
Kayla H. Barnes
**COLEMAN TALLEY LLP**
109 S. Ashley Street
Valdosta, Georgia 31601
beau.howell@colemantalley.com
tim.tanner@colemantalley.com

This 21st day of April, 2022.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

_/s/ Marisa M. Beller_
Marisa M. Beller
Georgia Bar No. 845893

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

**Robert L. Mack**
APR 21, 2022 12:47 PM

Jacquline D. Wills, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ISABELLE MAZURKIEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| vs. | ) | 2021CV02172-11 |
| | ) | |
| FULTON COUNTY, GEORGIA | ) | |
| CODY SLAY, | ) | |
| COREY HENRY | ) | |
| SHERIFF PATRICK LABAT, | ) | |
| in his official capacity, | ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUBSTITUTION OF COUNSEL

COME NOW KAREN E. WOODWARD and MARISA M. BELLER of the law firm of

Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, and, pursuant to Ga. R. Super. Ct. 4.3

and hereby substitute as counsel for Defendant Fulton County, Georgia, in place of attorneys Kaye

W. Burwell, Steven Rosenberg and William K. Scott of the Office of the Fulton County Attorney.

Undersigned Counsel request that they be copied on all court filings, pleadings, notices, orders,

and other documents regarding the above captioned case.

All pleadings, notices, orders and other pleadings required to be served on Defendant

Fulton County shall be directed to:

Karen E. Woodward
Marisa Beller
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP
Meridian II, Suite 2000
275 Scientific Drive
Norcross, Georgia  30092
(404) 881-2623 (Woodward)
(678) 684-2147 (Beller)
kwoodward@cmlawfirm.com
mbeller@cmlawfirm.com

The date of any scheduled proceedings, including trial, will not be affected by the substitution of counsel.

Respectfully submitted, this 21st day of April, 2022.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Karen E. Woodward*
Karen E. Woodward
Georgia Bar No. 775260
Email:  kwoodward@cmlawfirm.com
Direct Dial:  404-881-2623

*/s/ Marisa M. Beller*
Marisa M. Beller
Georgia Bar No. 845893
Email: mbeller@cmlawfirm.com
Direct Dial: 678-684-2147

*Attorneys for Defendant*
*Fulton County, Georgia*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed this *NOTICE OF SUBSTITUTION OF COUNSEL* with the Clerk of Court via the PeachCourt file and serve system which will automatically serve a copy of same upon the following counsel of record:

A.A. Howell, IV
Timothy M. Tanner
Kayla H. Barnes
**COLEMAN TALLEY LLP**
109 S. Ashley Street
Valdosta, Georgia 31601
beau.howell@colemantalley.com
tim.tanner@colemantalley.com

This 21st day of April, 2022.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Marisa M. Beller*
Marisa M. Beller
Georgia Bar No. 845893