Case 1:22-cv-01556-WMR   Document 7   Filed 04/21/22   Page 1 of 17

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

OCT 11, 2021 06:06 PM

Jacquline D. Wills, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ISABELLE MAZURKIEWICZ, ) | |
| ) | CIVIL ACTION FILE NO.: |
| Plaintiff, ) | 2021CV02172 |
| ) | |
| v. ) | |
| ) | |
| FULTON COUNTY, GA, and, ) | |
| CODY SLAY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ANSWER AND DEFENSES OF DEFENDANT CODY SLAY TO PLAINTIFF'S COMPLAINT FOR DAMAGES & JURY DEMAND**

COMES NOW Defendant, Cody Slay, by and through the undersigned counsel, and files this Answer to Plaintiff's Complaint for Damages as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred to the extent that the Defendant Cody Slay is entitled to official immunity.

**THIRD DEFENSE**

Defendant denies any act or omission which would make him liable in any way to Plaintiff for any cause of action for damages that has allegedly been committed.

**FOURTH DEFENSE**

No act or omission of Defendant either proximately caused or contributed to whatever damages Plaintiff alleges to have suffered.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrine of comparative negligence.

**SIXTH DEFENSE**

Plaintiff's recovery on her claim is barred to the extent she failed in his duty to mitigate damages.

**SEVENTH DEFENSE**

Plaintiff's recovery is barred because Plaintiff has failed to use ordinary care to prevent injury to herself.

**EIGHTH DEFENSE**

Defendant did not breach any duty owed to Plaintiff with regard to the event(s) allegedly giving rise to Plaintiff's claim.

**NINTH DEFENSE**

Plaintiff's claims are barred by the doctrine of contributory negligence.

**TENTH DEFENSE**

Plaintiff's claims for recovery are limited by O.C.G.A. § 36-92-2.

**ELEVENTH DEFENSE**

Plaintiff failed to join an indispensable party in accordance to O.C.G.A. § 9-11-19.

**TWELFTH DEFENSE**

Defendant responds to the enumerated allegations of Plaintiff's Complaint as follows:

**PARTIES, JURISDICTION & VENUE**

**1.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint; to the extent that an answer is required, all allegations are denied.

**2.**

Defendant admits the allegations contained in paragraph 2 of the Complaint.

**3.**

Defendant denies the allegations contained in paragraph 3 of the Complaint.

**4.**

Defendant admits the allegations contained in paragraph 4 of the Complaint.

**5.**

Defendant denies the allegations contained in paragraph 5 of the Complaint.

**6.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint; to the extent that an answer is required, all allegations are denied.

**7.**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint; to the extent that an answer is required, all allegations are denied.

**8.**

Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.

Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.

Defendant admits the allegations contained in paragraph 10 of the Complaint.

11.

Paragraph 11 of the Complaint contains a legal assertion to which no response is required.

12.

Paragraph 12 of the Complaint contains a legal assertion to which no response is required.

**FACTUAL BACKGROUND**

13.

Defendant incorporates by reference its answers from Paragraphs 1 through 12 as if fully stated herein.

14.

Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.

Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.

Defendant admits the allegations contained in paragraph 17 of the Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Complaint as pled, as the release command is not the only way to get Officer Ian to release.

**19.**

Defendant denies the allegations contained in paragraph 19 of the Complaint.

**20.**

Defendant denies that Defendant Slay was employed by Defendant. Defendant admits the remaining allegations contained in paragraph 20 of the Complaint.

**21.**

Defendant denies the allegations contained in paragraph 21 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**22.**

Defendant denies the allegations contained in paragraph 22 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**23.**

Defendant denies the allegations contained in paragraph 23 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**24.**

Defendant denies the allegations contained in paragraph 24 of the Complaint as pled, as the release command is not the only way to get Officer Ian to release and not all Defendants "knew" the facts asserted.

**25.**

Defendant denies the allegations contained in paragraph 25 of the Complaint.

**26.**

Defendant denies the allegations contained in paragraph 26 of the Complaint as pled, as "significant bodily harm" is ambiguous and not defined and not all Defendants "knew" the facts asserted.

**27.**

Defendant denies the allegations contained in paragraph 27 of the Complaint as pled, as "significant bodily harm" is ambiguous and not defined and not all Defendants "knew" the facts asserted.

**28.**

Defendant denies the allegations contained in paragraph 28 of the Complaint as pled, as not all Defendants "knew" the facts asserted, and the knowledge is limited to knowing that Ian would attack when commanded.

**29.**

Defendant denies the allegations contained in paragraph 29 of the Complaint as pled. Defendant admits that the Fulton County Sheriff's Office has specific rules, procedures, and policies for handling, maintaining, and boarding law enforcement canines such as Ian.

**30.**

Defendant denies the allegations contained in paragraph 30 of the Complaint as pled. Defendant admits that the Fulton County Sheriff's Office has specific rules, procedures, and policies for handling, maintaining, and boarding law enforcement canines such as Ian.

**31.**

Defendant denies the allegations contained in paragraph 31 of the Complaint.

**32.**

Defendant denies the allegations contained in paragraph 32 of the Complaint as pled to the extent that they refer to policies that are not contained in the Fulton County Sheriff's Office's specific rules, procedures, and policies. Defendant admits that he knew of the Fulton County Sheriff's Office's specific rules, procedures, and policies, and that he had the discretion allowed by such rules, procedures, and policies.

**33.**

Defendant admits the allegations contained in paragraph 33 of the Complaint.

**34.**

Defendant denies the allegations contained in paragraph 34 of the Complaint as pled to the extent that they refer to policies that are not contained in the Fulton County Sheriff's Office's specific rules, procedures, and policies. Defendant admits that he knew of the Fulton County Sheriff's Office's specific rules, procedures, and policies, and that he had the discretion allowed by such rules, procedures, and policies.

**35.**

Defendant admits the allegations contained in paragraph 35 of the Complaint.

**36.**

Defendant admits the allegations contained in paragraph 36 of the Complaint

**37.**

Defendant denies the allegations contained in paragraph 37 of the Complaint.

**38.**

Defendant denies the allegations contained in paragraph 38 of the Complaint.

**39.**

Defendant denies the allegations contained in paragraph 39 as pled.

**40.**

Defendant denies the allegations contained in paragraph 40 of the Complaint as pled.

**41.**

Defendant denies the allegations contained in paragraph 41 of the Complaint.

**42.**

Defendant admits the allegations contained in paragraph 42 of the Complaint.

**43.**

Defendant admits the allegations contained in paragraph 43 of the Complaint. To the extent the allegations in paragraph 43 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**44.**

Defendant admits the allegations contained in paragraph 44 of the Complaint. To the extent the allegations in paragraph 44 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**45.**

Defendant admits the allegations contained in paragraph 45 of the Complaint. To the extent the allegations in paragraph 45 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**46.**

Defendant admits the allegations contained in paragraph 46 of the Complaint. To the extent the allegations in paragraph 46 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**47.**

Defendant admits the allegations contained in paragraph 47 of the Complaint. To the extent the allegations in paragraph 47 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**48.**

Defendant admits the allegations contained in paragraph 48 of the Complaint. To the extent the allegations in paragraph 48 of the Complaint give rise to the implication that Fulton County had a duty to perform or not perform the acts alleged, said implication is also denied.

**49.**

Defendant denies the allegations contained in paragraph 49 of the Complaint.

**50.**

Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 50 of the Complaint; thus, Defendant can neither admit nor deny the same.

**51.**

Defendant denies the allegations contained in paragraph 51 of the Complaint.

**52.**

Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 52 of the Complaint; thus, Defendant can neither admit nor deny the same.

**53.**

Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff was doing when Officer Ian bit her, but admit that Officer Ian bit Plaintiff.

**54.**

Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 54 of the Complaint; thus, Defendant can neither admit nor deny the same.

**55.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 55 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 55 of the Complaint; thus, Defendant can neither admit nor deny the same.

**56.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 56 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 56 of the Complaint; thus, Defendant can neither admit nor deny the same.

**57.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 57 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 57 of the Complaint; thus, Defendant can neither admit nor deny the same.

**58.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 58 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 58 of the Complaint; thus, Defendant can neither admit nor deny the same.

**59.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 59 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 59 of the Complaint; thus, Defendant can neither admit nor deny the same.

**COUNT 1**

**NEGLIGENCE**

**60.**

Defendant incorporates by reference his answers from Paragraphs 1 through 59 as if fully stated herein.

**61**.

Defendant states that his duties are defined by law and that they cannot be expanded or altered by Plaintiff's pleadings, and therefore no response is required. To the extent that a response is required, the allegations contained in paragraph 61 are denied.

**62.**

Defendant states that his duties are defined by law and that they cannot be expanded or altered by Plaintiff's pleadings, and therefore no response is required. To the extent that a response is required, the allegations contained in paragraph 62 are denied.

**63.**

Defendant denies the allegations contained in paragraph 63 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**64.**

Defendant denies the allegations contained in paragraph 64 of the Complaint.

**65.**

Defendant denies the allegations contained in paragraph 65 of the Complaint as pled, as not all Defendants "knew" the facts asserted.

**66.**

Defendant denies the allegations contained in paragraph 66 of the Complaint.

**67.**

Defendant denies the allegations contained in paragraph 67 of the Complaint.

**68.**

Defendant denies the allegations contained in paragraph 68 of the Complaint.

**69.**

Defendant denies the allegations contained in paragraph 69 of the Complaint.

**70.**

Defendant denies the allegations contained in paragraph 70 of the Complaint.

**71.**

Defendant denies the allegations of negligence and proximate cause contained in paragraph 71 of the Complaint and denies that Plaintiff is entitled to recover compensation from Defendant but is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 71 of the Complaint; thus, Defendant can neither admit nor deny the same.

**72.**

Defendant denies the allegations contained in paragraph 72 of the Complaint.

**73.**

Defendant denies the allegations contained in paragraph 73 of the Complaint.

## COUNT II

## ATTORNEY'S FEES AND COSTS

**74.**

Defendant incorporates by reference its answers from Paragraphs 1 through 73 as if fully stated herein.

**75.**

Defendant denies the allegations contained in paragraph 75 of the Complaint.

**76.**

Defendant denies the allegations contained in paragraph 76 of the Complaint.

**77.**

Defendant denies the allegations contained in paragraph 77 of the Complaint.

**78.**

Defendant denies the allegations contained in paragraph 78 of the Complaint.

**79.**

Defendant denies the allegations contained in paragraph 79 of the Complaint.

**GENERAL DENIAL**

Defendant denies each and every allegations of Plaintiff's Complaint not specifically admitted or denied.

**WHEREFORE,** Defendant prays that:

A. Plaintiff's Complaint be dismissed in its entirety;

B. All costs of this litigation be borne by Plaintiff; and

C. The Court grant any such further relief it deems just and proper.

This 11th day of October, 2021.

Respectfully submitted,

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Kaye W. Burwell
Interim County Attorney
Georgia Bar No. 775060
Kaye.Burwell@fultoncountyga.gov

Steven Rosenberg
Deputy County Attorney
Georgia Bar No. 614560
Steven.Rosenberg@fultoncountyga.gov

*/s/ William K. Scott*
William K. Scott

        Assistant County Attorney
        Georgia Bar No. 252892
        william.scott@fultoncountyga.gov

141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ISABELLE MAZURKIEWICZ, ) | |
| ) | CIVIL ACTION FILE NO.: |
| Plaintiff, ) | 2021CV02172 |
| ) | |
| v. ) | |
| ) | |
| FULTON COUNTY, GA, and, ) | |
| CODY SLAY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing **ANSWER AND DEFENSES OF DEFENDANT CODY SLAY TO PLAINTIFF'S COMPLAINT FOR DAMAGES & JURY DEMAND** via the Odyssey eFileGA system, which will automatically send e-mail notification to the Court and the following counsel of record:

Coleman Talley LLP
109 S. Ashley Street
Valdosta, GA  31601

This 11TH day of October, 2021.

                                        */s/ William K. Scott*
                                        William K. Scott
                                        Assistant County Attorney
                                        Georgia Bar No. 252892
                                        william.scott@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

OCT 11, 2021 06:06 PM

*Jacquline D. Wills, Clerk*
*Clayton County, Georgia*

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ISABELLE MAZURKIEWICZ, ) | |
| ) | CIVIL ACTION FILE NO.: |
| Plaintiff, ) | 2021CV02172 |
| ) | |
| v. ) | |
| ) | |
| FULTON COUNTY, GA, and, ) | |
| CODY SLAY, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing **ANSWER AND DEFENSES OF DEFENDANT CODY SLAY TO PLAINTIFF'S COMPLAINT FOR DAMAGES & JURY DEMAND** via the Odyssey eFileGA system, which will automatically send e-mail notification to the Court and the following counsel of record:

Coleman Talley LLP
109 S. Ashley Street
Valdosta, GA 31601

This 11TH day of October, 2021.

 */s/ William K. Scott*
William K. Scott
Assistant County Attorney
Georgia Bar No. 252892
william.scott@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, SW
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)