**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2021CV02172-11**

Robert L. Mack
MAR 24, 2022 05:06 PM

Jacquline D. Wills, Clerk
Clayton County, Georgia

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ISABELLE MAZURKIEWICZ<br><br>Plaintiff,<br><br>vs.<br><br>FULTON COUNTY, GEORGIA, CODY SLAY, COREY HENRY, and<br>SHERIFF PATRICK LABAT, in his official capacity,<br><br>Defendants. | CIVIL ACTION<br><br>Case No. 2021CV02172-11 |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Comes Now Isabelle Mazurkiewicz, Plaintiff in the above-captioned action, and files her First Amended Complaint for Damages showing this Court as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1.

Isabelle Mazurkiewicz, who is *sui juris*, is a resident of the State of Georgia.

2.

Upon information and belief, Defendant Cody Slay (Defendant "Slay") is a resident of Clayton County, Georgia. Defendant Slay may be personally served with process in this action at or about 4248 Cottage Lane, Conley, Clayton County, Georgia.

3.

Upon information and belief, Defendant Corey Henry (Defendant "Henry") is a resident of Rockdale County, Georgia. Upon information and belief, Defendant Henry may be personally

served with process in this action at 20841 Weatherstone Cir. SE, Conyers, GA 30094.[1]

4.

Defendant Sheriff Patrick Labat (Defendant "Sheriff") is the acting sheriff of Fulton, County Georgia. The instant suit is being brought against Sheriff Patrick Labat in his official capacity only. Sheriff Patrick Labat may be served at 185 Central Ave, SW, Atlanta, GA 30303.

5.

Defendants are subject to personal jurisdiction in this Court.

6.

The claims set forth herein seek, among other things, to recover damages as a result of the joint negligence and wrongful conduct of Defendants. As a result, venue is proper in this Court pursuant to Article 6, Section 2, Paragraph IV of the Constitution of the State of Georgia.

7.

Prior to the filing of this action, Defendant Sheriff received timely and proper notice of the claims asserted herein.

8.

Provision of said notice to Defendant Sheriff complied with O.C.G.A. § 36-11-1 and all other applicable provisions of Georgia law, to the extent such notice was required.

9.

Prior to the filing of this action, Defendant Slay received timely and proper notice of the claims asserted herein.

---

[1] This is the latest address Plaintiff's Counsel has for Corey Henry. In the event Counsel receives updated information regarding Corey Henry's address, this proposed Amended Complaint will be revised before filing to reflect the same.

4846-6269-8235, v. 1

10.

Provision of said notice to Defendant Slay complied with O.C.G.A. § 36-11-1 and all other applicable provisions of Georgia law, to the extent such notice was required.

11.

Prior to the filing of this action, Defendant Henry received timely and proper notice of the claims asserted herein.

12.

Provision of said notice to Defendant Henry complied with O.C.G.A. § 36-11-1 and all other applicable provisions of Georgia law, to the extent such notice was required.

13.

This action seeks compensatory damages for the injuries to Plaintiff, as well as, all other damages permitted by law. As such, this Court has jurisdiction over the subject matter of this action.

14.

All claims herein against Defendant Sheriff are intended to assert direct claims of negligence and violations of 42 U.S.C. § 1983 against Defendant Sheriff, as well as, claims for vicarious liability under the doctrine of *respondeat superior* for the negligence and wrongful conduct of Defendant Slay, Defendant Henry, Canine Officer Ian, or any other agent of Fulton County or the Sheriff that caused or contributed to the injuries to Plaintiff set forth herein.

15.

All claims asserted herein against Defendant Slay and Defendant Henry are asserted against said Defendants both in their individual capacities, and/or alternatively in their official capacities as present and/or former employees and deputies for Defendant Sheriff.

## FACTUAL BACKGROUND

16.

Paragraphs (1- 15) above are hereby incorporated as if and re-alleged as if fully set forth herein.

17.

On or about December 4, 2019, Defendant Slay was employed by Defendant Sheriff as a law enforcement officer.

18.

On or about December 4, 2019, Defendant Henry was employed by Defendant Sheriff as a law enforcement officer

19.

On December 4, 2019, Defendant Sheriff owned a law enforcement canine known as "Ian."

20.

Ian was a Belgian Malinois breed of canine.

21.

As a law enforcement canine, Ian was trained as a law enforcement canine to, among other things, physically engage/bite, take down, and apprehend suspected criminals upon appropriate command by his handler.

22.

Ian was trained to maintain his bite until a release command was given by his handler.

23.

Ian was used by Defendant Sheriff and his department to apprehend fleeing criminal suspects by, among other things, pursuing, biting, and detaining such suspects upon demand by

his handler.

24.

On December 4, 2019, and all other times relevant to this action, Defendant Slay was charged with the duties of maintaining, handling, training, and appropriate deployment of Ian for law enforcement purposes.  protecting innocent third parties, such as Plaintiff, from attacks by "Ian."

25.

On December 4, 2019, and all other times relevant to this action, Defendant Henry was Defendant Slay's immediate supervisor. Defendant Henry was charged with the duties of maintaining, handling, training, and appropriate deployment of Ian for law enforcement purposes.

26.

Alternatively, Defendant Sheriff, as the owner of Ian, was charged with the duties of maintaining, handling, training, and appropriate deployment of Ian for law enforcement purposes.

27.

At all times relevant to this action, Defendants knew that Ian had been trained to pursue, engage, bite, take down and/or detain persons.

28.

Defendants knew that, prior to December 4, 2019, Ian had pursued, attacked, bitten, taken down, and/or detained persons.

29.

At all times relevant to this action, Defendants knew that Ian had the strength and ability to subdue an adult through biting or otherwise.

30.

At all times relevant hereto, Defendants knew that a release command was required to instruct Ian to release once he engaged a person.

31.

Upon information and belief, Defendants knew that Ian had previously attacked or bitten, or attempted to attack or bite, or refused to release, third parties absent explicit commands from his handler to do so.

32.

At all times relevant hereto, Defendants knew that Ian's training and strength rendered him such that he could cause significant bodily harm or death to other persons if he attacked a person, whether upon order to do so or otherwise.

33.

At all times relevant hereto, Defendants knew that Ian's training and strength rendered him such that he could cause significant bodily harm or death (1) if he failed to heed a release instruction; (2) if he was not properly given his release instruction; (3) if Ian attack a third party outside of the presence of a person trained to instruct/handle Ian; or (4) if Ian's living environment was changed and not properly inspected.

34.

Defendants knew or should have known that Ian had a propensity to attack third parties.

35.

At all times relevant hereto, it was known, or should have been known, to Defendants that general well-known rules, procedures, and policies applied to the handling, maintenance, and boarding of law enforcement canines such as Ian.

36.

In addition to such generally known and understood policies in the law enforcement profession, Defendant Sheriff had in effect specific policies and procedures regarding the training, maintenance, housing, handling, and boarding of law enforcement canines.

37.

Among other things, standard operating procedures of Defendant Sheriff and/or the Fulton County Sheriff's Department in effect as of December 4, 2019 specifically provided that all canines, such as Ian, must be kenneled at the handler's residence.

38.

Defendant Slay and Defendant Henry knew or should have known of said policies and did not have discretion to deviate from said policies.

39.

Among other things, standard operating procedures of Defendant Sheriff and/or the Fulton County Sheriff's Department in effect as of December 4, 2019 specifically provide that any change in a canine's living environment must immediately be reported and inspected.

40.

Defendant Slay and Defendant Henry knew or should have known of said policies and did not have discretion to deviate from said policies.

41.

Beginning on or about November 30, 2019, Defendant Slay boarded Ian at a civilian veterinary clinic known as "VCA Pets are People Too" (hereinafter referred to as the "Clinic").

42.

Plaintiff was employed at the Clinic.

43.

At no time did Defendant Slay or Defendant Henry properly inspect the canine lodging conditions at the Clinic.

44.

At no time did Defendant Slay or Defendant Henry interview the employees from the Clinic that would be involved in Ian's care during Defendant Slay's absence.

45.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian was an canine capable of unprovoked attack.

46.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian had a prior history of aggression to other persons even in the absence of a command to attack.

47.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian was specifically trained to apprehend and detain persons through biting.

48.

At no time did Defendant Slay or Defendant Henry inform Plaintiff or the Clinic that Ian would not "release" a bite until given the appropriate command.

49.

At no time did any employee of Fulton County or Defendant Sheriff properly inspect the canine lodging and care conditions at the Clinic.

50.

At no time did any employee of Fulton County or Defendant Sheriff interview the

employees from the Clinic that would be involved in Ian's care during Defendant Slay's absence.

51.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian was canine capable of unprovoked attack.

52.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian had a prior history of aggression to other persons even in the absence of a command to attack.

53.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian was specifically trained to apprehend and detain persons through biting.

54.

At no time did any employee of Fulton County or Defendant Sheriff inform Plaintiff or the Clinic that Ian would not "release" a bite until given the appropriate command.

55.

Defendants failed to comply with generally accepted polices and rules, as well as, established internal policies and rules in the boarding of Ian at the Clinic, all of which were explicit and mandatory.

56.

On or about December 4, 2019, Plaintiff was attending to her duties at the Clinic, which included equipping Ian with an identification tag.

57.

At all times hereto, Plaintiff exercised due care and caution for her own safety.

58.

At no time did Plaintiff provoke Ian to attack, nor did she order Ian to attack.

59.

Unfortunately, as Plaintiff was applying Ian's name tag, Ian viciously attacked Plaintiff, biting her face and arm, and pinning her to the ground.

60.

Plaintiff was not aware of Ian's release command and physically fought for her life in an effort to cause Ian to release his bite.

61.

Ian engaged in a prolonged and vicious attack on Plaintiff, causing her to experience devastating and permanent injuries to her face, arm, and emotional well-being—among other things.

62.

Following Ian's attack, Plaintiff received extensive medical treatment from numerous providers.

63.

Despite her diligence in pursuing and compliance with her medical care, Plaintiff's injuries will never completely heal.

64.

She has been left with permanent scarring, pain, and impaired range of motion due to the attack.

65.

All of Plaintiff's injuries would have been avoided but Defendants' violation of Plaintiff's

constitutional protected rights and wrongful/negligent acts in failing to comply with established policies and to exercise due care for the safety and well-being of others.

66.

To the extent applicable, Defendants have waived immunity, whether qualified or sovereign immunity, by virtue of the acts, including the intentional and willful acts in violation of Plaintiff's constitutional rights, set forth herein.

## COUNT I

### NEGLIGENCE PERFORMANCE OF MINISTERIAL DUTY

67.

Paragraphs (1- 66) above are hereby incorporated as if and re-alleged as if fully set forth herein.

68.

Defendants owed a duty to Plaintiff, and the general public, to exercise reasonable care in the use, maintenance, and care of Ian.

69.

Defendants owed a duty of care to Plaintiff, and the general public, to implement and follow appropriate polices and procedures to insure the safety of Ian, as well as, that of non-handler persons who may be in contact with Ian.

70.

Defendants were aware that Ian had been trained to attack and subdue person through biting or otherwise.

71.

Defendants knew, based upon Ian's training and past conduct, that he had a propensity to

bite or attack non-handler persons, whether on command or otherwise.

72.

Defendants knew that Ian, based upon his training, strength, and past conduct, could cause significant bodily injury to persons he bit or attacked.

73.

Defendants knew that it was important that Ian be housed in a familiar and safe atmosphere, and only be exposed to persons with whom he was comfortable and who were familiar with Ian, his propensities, and his commands.

74.

The applicable standard operating procedures of Defendant Sheriff, including the procedure requiring that Ian be housed at his handler's home, were mandatory and designed to protect both Ian and third parties with whom he came in contact from injury.

75.

This policy is simple, absolute, and definite, arising under conditions admitted or to be proven to exist, and requires mere execution of a specific duty.

76.

The policy did not provide an exception for veterinary care or boarding.

77.

Defendants were aware that a failure to follow such policies and procedures could result in significant bodily harm to persons such as Plaintiff.

76.

Nevertheless, Defendants breached their duties to Plaintiff by negligently failing to comply with explicit operating procedures of Defendant Sheriff, as well as, other policies and procedures

4846-6269-8235, v. 1

generally known within the law enforcement profession regarding canine care and safety, or were otherwise negligent, in, among other things, allowing Ian to be boarded at the Clinic, failing to warn Plaintiff and others of Ian's propensities, failing to provide appropriate protective equipment and instruction to the Clinic and its personnel, failing to provide a release command in the event Ian attacked, and owning/keeping a vicious or dangerous animal with a known history of causing injuries to other persons.

77.

As a direct a proximate result of such negligence, Plaintiff was brutally attacked by Ian.

78.

As a result, Plaintiff suffered severe, debilitating, and permanent injuries and scarring, has incurred medical expenses, has lost wages, and has lost capacity to earn wages.

79.

At all times hereto, Plaintiff exercised reasonable care for her own safety and well being and, in no manner, negligently caused or contributed to her injuries.

80.

All Defendants are directly liable as a result of the forgoing acts of negligence in an amount to be proven at trial. Furthermore, Defendant Sheriff is vicariously liable, under the doctrine of respondeat superior, for the negligent acts and omissions of its agents, including Ian, Defendant Slay, and Defendant Henry.

## COUNT II

### CLAIM UNDER 42 U.S.C. § 1983

81.

Paragraphs (1- 80) above are hereby incorporated as if and re-alleged as if fully set forth

herein.

82.

At all times relevant hereto, Defendants acted under the color of state law.

83.

While acting under the color of state law within the meaning of 42 U.S.C. § 1983, Defendants caused or permitted canine officer Ian to seize, attack, and injure Plaintiff, an innocent bystander.  In doing so, Defendants violated the rights bestowed upon Plaintiff under the United States Constitution in violation of 42 U.S.C. §1983.

84.

The forgoing acts of Defendants were committed with malice or reckless indifference to Plaintiff's constitutional rights.

85.

As a result of Defendants' conduct and the aforementioned violations of Plaintiff's Constitutional rights, Plaintiff has been caused to suffer physical and emotional injuries and damages, and has been caused to incur medical bills and other expenses in an amount to be proven at trial.

### COUNT III

### 1983 CLAIM – EXCESSIVE FORCE

86.

Paragraphs (1- 85) above are hereby incorporated as if and re-alleged as if fully set forth herein.

87.

Defendants and their canine officer, Ian, while acting under the color of state law within

the meaning of 42 U.S.C. § 1983, caused or with reckless indifference permitted Ian to brutally attack Plaintiff, thereby depriving Ms. Plaintiff of her rights under, among other provisions, the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, Defendants violated Plaintiff's right to be free from excessive force.

88.

Defendants acted with malice or reckless indifference to Plaintiff's constitutional rights.

89.

As a result of Defendants' conduct, Plaintiff has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses in an amount to be proven at trial.

## COUNT IV

### ATTORNEY'S FEES AND COSTS

90.

Paragraphs (1- 89) above are hereby incorporated as if and re-alleged as if fully set forth herein.

91.

Defendants acted in bad faith with regard to the transactions out of which the causes of action asserted herein arise.

92.

No bona fide controversy exists with respect to the liability of one or more Defendants.

93.

No bona fide controversy exists with regard to Plaintiffs' entitlement to relief pursuant to the substantive causes of actions set forth herein.

94.

Defendants have been stubbornly litigious and have forced Plaintiff to endure the unnecessary trouble and expense of pursing this action to obtain the relief to which Plaintiff is undisputedly entitled.

95.

Pursuant to O.C.G.A. § 13-6-11, Plaintiff is therefore entitled to recover expenses and attorney's fees incurred in the prosecution of this action in an amount to be proven at trial.

WHEREFORE, Plaintiff Isabelle Mazurkiewicz respectfully prays for the following:

(a) Summons be issued and copy of this Complaint and Process be served upon Defendants as provided by law;

(b) She be awarded a judgment against Defendants, jointly and severally, for her injuries, medical bills, pain, suffering, disfigurement, lost wages, and lost capacity to labor in an amount shown at trial and determined by the enlightened conscious of a fair and impartial jury;

(c) She be awarded the costs of this action;

(d) That this matter be tried by a jury of no less than twelve impartial persons; and

(e) She be awarded such further relief as this Court may deem just and proper.

Submitted this 24th day of March, 2022.

**COLEMAN TALLEY LLP**

109 S. Ashley Street  
Valdosta, Georgia 31601  
T: (229) 242-7562  
F: (229) 333-0885  
beau.howell@colemantalley.com  
tim.tanner@colemantalley.com  
kayla.barnes@colemantalley.com

/s/ *A.A. Howell, IV*  
A.A. HOWELL, IV  
Georgia Bar No. 689955  
TIMOTHY M. TANNER  
Georgia Bar No. 697683  
KAYLA H. BARNES  
Georgia Bar No. 301948

4846-6269-8235, v. 1

# IN THE SUPERIOR COURT OF CLAYTON COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| ISABELLE MAZURKIEWICZ,<br><br>    Plaintiff,<br><br>vs.<br><br>FULTON COUNTY, GEORGIA, CODY SLAY, COREY HENRY, and SHERIFF PATRICK LABAT, in his official capacity,<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. 2021CV02172-11 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the forgoing *FIRST AMENDED COMPLAINT FOR DAMAGES* by mailing the same to the following:

Office of the Fulton County Attorney
Kaye W. Burwell
Steven Rosenberg
Dominique Martinez
Emilie Denmark
141 Pryor Street, SW
Suite 4038

This 24th day of March, 2022.

/s/A.A. Howell, IV
A.A. Howell, IV

4846-6269-8235, v. 1